HARRISON SMALL *vs.* ROBERT P. CLEWLEY.

*Slander—pleading in.*

In an action of slander, where the words 'you swore to a lie, and I can prove it,' are relied on as imputing to the plaintiff the crime of perjury, there must be an averment in the declaration that the words were spoken with reference to some proceeding before some specified court, tribunal, or officer created by law, or in relation to some specified matter or thing where an oath is authorized by law ; and the allegation must be supported by proof or the action is not maintainable.

In such case the general averment, that the defendant intended thereby to charge the plaintiff with the crime of perjury is not sufficient.

An allegation 'you have committed the crime of perjury,' when supported by proof will sustain an action of slander.

ON REPORT.

'IN a plea of the case for that whereas the plaintiff is a good and faithful citizen of the State of Maine, and has never been guilty of the crime of false swearing and perjury; nevertheless, the said defendant in nowise ignorant of the premises, but contriving falsely, maliciously, and fraudulently to injure and defame the plaintiff in his good character, and to expose him to the penalties of the law against perjury, to wit, on the thirteenth day of December, A. D. 1870, to wit, at Belfast, in the county of Waldo,

Small *v.* Clewley.

speaking to the plaintiff in the presence and hearing of many good citizens of this State, did falsely and maliciously utter and publish, in substance, the following scandalous and false words, to wit, 'You (meaning the plaintiff), swore to a lie' (meaning that he, the plaintiff, had committed the crime of perjury), and that he (meaning the defendant), ' would prove it ;' that ' you' (meaning the plaintiff), have committed the crime of perjury, and that he (meaning the defendant), would prove it; by means of publishing which false and scandalous words, the plaintiff is greatly injured in his good name and reputation, and has been rendered liable to a prosecution for perjury, and all of which to the damage of the said plaintiff as he says the sum of ten thousand dollars.

' Also for that the said defendant, to wit, at Belfast, in the county of Waldo, to wit, on the thirteenth day of December, A. D. 1870, falsely and maliciously, in the presence of good citizens of this State, uttered and published of and concerning the plaintiff in substance, the following other false, scandalous, and defamatory words, to wit, you (meaning the plaintiff), swore to a lie, and I (meaning the defendant), can prove it, meaning that the plaintiff had perjured himself, by means of publishing which false and scandalous words, the plaintiff has been greatly injured in his good name and reputation, and injured in the appointment of men who are his enemies, as commissioners on the insolvent estate of Wm. Clewley, which estate is owing him a large sum.'

The evidence was, that the defendant, in the presence of several persons, told the plaintiff, ' you swore to a lie, and I can prove it;' that the plaintiff called attention of those present to the charge and told the defendant he should require him to prove it; and that the defendant did not retract.

*N. Abbott*, for the plaintiff elaborated the following propositions.

1. That all defamatory words spoken of another maliciously, are actionable *per se*. *Chaddock* v. *Briggs*, 13 Mass. 252.

2. That among slanderous words, actionable in themselves, are those which impute perjury, and that for such words an action may

be  maintained  without  proof  of  malice  or  special  damages.   *New-bit* v. *Statuck*, 35 Maine, 315.

3. The words, ' you swore to a lie, and I can prove it,' fairly impute perjury. ' 1 Hill. on Torts, 283, 284.

4. If they do not necessarily impute perjury, they are to be so construed, if men of common sense and ordinary understanding, would so regard them.   2 Greenl. on Ev. 417 ; 1 Hill. on Torts, 261.

5. That when the plaintiff has once made out a *prima facie* case, by evidence of the publishing of words apparently injurious and actionable, a nonsuit should not be ordered ; for the burden of proof is then upon the defendant to show, if he can, that the apparent meaning of the words is not their true meaning.   2 Greenl. on Ev. 5th ed. 418.

6. That a defamer is not to escape, with impunity, because his words do not necessarily impute crime or positively charge it ; but if the jury believe they were so intended, and so understood, they are bound to give damages ; for the words are just as injurious, as words which do necessarily impute crime, or positively charge it.   8 Mass. 126.

7. That when the speaker names no time, place, court, or circumstances under which words of doubtful, or uncertain meaning are uttered, the words are actionable, without any colloquium, because no colloquium is possible in such a case.   1 Hill. on Torts, 284.

*F. S. Nickerson*, for the defendant.


WALTON, J.  In an action of slander, where the words ' you swore to a lie, and I can prove it,' are relied on as imputing to the plaintiff the crime of perjury, there must be an averment in the declaration, that the words were spoken with reference to some proceeding before a court, or tribunal, or officer created by law, or in relation to some matter or thing where an oath is authorized by law ; and the averment must be supported by proof, or the ac-

tion is not maintainable. The general averment that the defendant intended thereby to charge the plaintiff with the crime of perjury is not sufficient. The averment must be specific, naming the particular court, or tribunal, or officer, or matter, or thing in relation to which the alleged false swearing is said to have taken place, or it will not be sufficient.

In this case there is no such averment, and no such proof. It is in one place stated that the defendant said, 'you have committed the crime of perjury.' This would be a sufficient allegation to support the action, if it was sustained by the proof. But it is not. The other allegation is that the defendant said 'you swore to a lie, and I can prove it, or will prove it.' But there is no colloquium connected with this averment to show what matter or proceeding the supposed false swearing referred to; or before what court, tribunal, or officer it took place. If it had been averred that the plaintiff was a witness before the commissioners of insolvency, and that the words spoken had reference to his testimony then and there given, the averment would have been sufficient; and if supported by the evidence, would have made out a *prima facie* case for the plaintiff. But there is neither this, nor any similar averment. Nor is there any evidence to support such an averment if one had been made. The same defects exist in both counts of the declaration.

It is clear, therefore, that upon such a declaration, and such evidence, the action is not maintainable. *Patterson* v. *Wilkinson*, 55 Maine, 42; *Emery* v. *Prescott*, 54 Maine, 389, and authorities there cited. *Plaintiff nonsuit.*

APPLETON, C. J.; CUTTING, KENT, and BARROWS, JJ., concurred.