STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, ss.                                   CIVIL ACTION
                                                  Docket No. CV-12-415
                                                  TDN – CUM – 4/24/2013

HERB CHADBOURNE,

        Plaintiff

v.                                                ORDER

STATE OF MAINE
Cumberland, ss, Clerk's Office

APR 21 2013

RECEIVED

GLOBAL PARTNERS LP,

        Defendant

Before the court is a motion to dismiss by defendant Global Partners.

The amended complaint filed by plaintiff Herb Chadbourne seeks to recover for intentional infliction of emotional distress and for defamation. For some unknown reason, although the amended complaint asserts that Chadbourne received a right to sue letter from the Human Rights Commission and refers to a hostile work environment, Chadbourne does not assert any cause of action under the Human Rights Act.

The amended complaint does allege that Chadbourne's claims arose when he was an employee of Alliance Energy LLC and later of Global Partners, which acquired the assets of Alliance in 2012. With its motion to dismiss, Global Partners has submitted an affidavit stating that both Alliance Energy and Global Partners maintained workers compensation insurance at all relevant times. Although that affidavit goes beyond the pleadings, the court will accept the affidavit because Chadbourne does not dispute the existence of workers compensation coverage.

Chadbourne instead argues that the immunity and exclusivity provisions in the Workers Compensation Act, 39-A M.R.S. §§ 104, 408, do not apply because Chadbourne

is suing Global Partners under the "dual persona" doctrine to enforce legal obligations that are entirely separate from the obligations that Alliance Energy and Global Partners had as Chadbourne's employer. However, all of the allegations in the complaint relate to actions of Alliance Energy and Global Partners as Chadbourne's employer. On the face of the complaint, therefore, Global Partners is entitled to assert workers compensation immunity.

This bars Chadbourne's claim for intentional infliction of emotional distress. Cole v. Chandler, 2000 ME 104 ¶ 13, 752 A.2d 1189. It also bars Chadbourne's claim for emotional distress resulting from alleged defamation. It would not, however, necessarily bar a claim for economic injury resulting from alleged defamation. Id. While the amended complaint is not a model of clarity (quite the contrary), it does refer to claims for back pay and reputational injury. This requires the court to at least consider the alternate grounds offered by Global Partners in support of the dismissal of Chadbourne's defamation claim.

Specifically, Global Partners argues that the amended complaint fails to state a claim for defamation. As Global Partners notes, with one exception the amended complaint does not allege that defamatory statements were published to third parties – an essential element of a defamation cause of action. Lester v. Powers, 596 A.2d 65, 69 (Me. 1991).[1] On the face of the complaint, therefore, Chadbourne's generalized defamation claims are subject to dismissal.

---

[1] It may be possible to infer that some of the allegedly defamatory statements were made to the Human Rights Commission. See amended complaint ¶ 24. However, those statements may be subject to a conditional privilege. See Cole v. Chandler, 2000 ME 104 ¶ 6. If Chadbourne chooses to amend his complaint for a second time to assert a cause of action for defamation, he must specify exactly what allegedly defamatory statements were made, to whom they were made, and when they were made. A defendant in a defamation case is entitled to sufficient notice of the content and circumstances of the allegedly defamatory statements to be able to determine

2

The only alleged defamation which Chadbourne alleges was published to third parties is the claim that his supervisor called him a liar in front of customers. There is an 1872 case which suggests that this would not constitute defamation. Small v. Clewley, 60 Me. 262, 265 (1872). The court has some doubt whether Small is still good law. However, because Chadbourne does not allege that he suffered any economic harm from being called a liar – a requirement if he is to escape the immunity offered by the Workers Compensation Act – the court will dismiss Chadbourne's defamation claim with leave to replead.

If he chooses to file a second amended complaint, Chadbourne shall be required to specify whether he is asserting a claim under the Maine Human Rights Act and, if so, shall be required submit a pleading that states a claim under that Act. If Chadbourne seeks to replead, he shall serve and file a second amended complaint by May 14, 2013. If he does not do so, this action will be dismissed without further notice or further order.

The entry shall be:

Defendant's motion to dismiss is granted with prejudice as to Chadbourne's claim of intentional infliction of emotional distress. As to Chadbourne's remaining claims, defendant's motion to dismiss is granted with leave to replead as set forth above. The Clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: April 24 2013

Thomas D. Warren
Justice, Superior Court

---

whether defenses such as truth and privilege should be raised. Picard v. Brennan, 307 A.2d 833, 834-35 (Me. 1973).

3

--------------------------------------------------------------------------------

| 01 0000001460 | DUNN, PATRICIA | | | |
|---|---|---|---|---|
| 10 FREE STREET PO BOX 4510 PORTLAND ME 04112 | | | | |
| F     GLOBAL PARTNERS LP | | DEF | RTND | 01/17/2013 |

| 02 0000008401 | RIELLY, BRENDAN | | | |
|---|---|---|---|---|
| 10 FREE STREET PO BOX 4510 PORTLAND ME 04112 | | | | |
| F     GLOBAL PARTNERS LP | | DEF | RTND | 01/17/2013 |

| 03 0000009251 | ROBINSON, RANDY L | | | |
|---|---|---|---|---|
| PO BOX 10653 PORTLAND ME 04104 | | | | |
| F     HERB CHADBOURNE | | PL | RTND | 10/03/2012 |