Taylor *v.* Robinson.

29  323
99  493

## Milo A. Taylor *versus* James E. Robinson & *ux.*

In actions of slander, the defendant cannot give the truth in evidence, *under the general issue*, either as a defence to the suit or in mitigation of damages. The defendant cannot make a defence under a brief statement, which was inadmissible under a special plea.

Where the defendant uttered actionable words without a lawful object, and there are no pleadings under which their truth may be given in evidence, he cannot show the misconduct of the plaintiff to rebut the presumption of malice; nor, unless the misconduct gave rise to the charge and lead the defendant to believe him guilty, could it be given in evidence in mitigation of damages.

*It seems,* in all civil cases, excepting in actions of *crim. con.*, proof of marriage may be established by evidence of collateral facts and circumstances, from which its existence may be inferred.

If in an action of slander, the presiding Judge instruct the jury upon a supposed case wherein actionable words might be spoken with propriety and, to prevent misapprehension, should remark that the case supposed was not intended to be represented as the one before them, it is not erroneous.

Action for slander. It was tried before Wells, J. and a verdict was rendered for the plaintiff. Exceptions were taken to the rulings at the trial.

*W. P. Fessenden,* for defendants.

1. The testimony offered was admissible both as to malice and as to damages. Starkie on Slander, chap. 27, also 25, p. 240; *Larned* v. *Buffington,* 3 Maine, 546; *Alderman* v. *French,* 1 Pick. 1; *Brickett* v. *Davis,* 21 Pick. 404.

2. The testimony as to the marriage was inadmissible.

3. The direction of the Court, that such a state of facts did not exist as to repel the malice, was wrong. *Bourage* v. *Prosser,* 4 B. & C. 247; *McDougal* v. *Claridge,* 1 Camp. 267.

*R. A. L. Codman,* for plaintiff.

Strict proof of actual marriage was not requisite, it was

sufficient to present proof from which the jury could infer a marriage.

The instructions of the Judge were unexceptionable and embodied, plainly and distinctly, the familiar, well recognized and fully established principles of law, applicable to actions of this character, and were such as any Court, having regard to justice and right, would be solemnly bound to give.

TENNEY, J. — The action is for slanderous words, alleged to have been spoken by Hannah P. Robinson, one of the defendants of and concerning the plaintiff, charging him with cohabiting, with the woman, who he avers is his lawful wife, without being married to her, and also in keeping one Jerusha Brackett as a prostitute, and living with her as such. The defendants pleaded the general issue, and filed a brief statement, in which they say that Hannah P. Robinson never used the words or made the charges alleged in the writ; that if such words as are imputed to said Hannah were used by her, they were not spoken maliciously or with a design to do injury to the plaintiff; but in the house of her husband, and in the presence of him and her sisters; and had reference to matters and transactions interesting to her and to them as family affairs, and were not designed or expected to be made public or reported; and that whatever was said by said Hannah was spoken of as matter of report and not as facts, known by her, and not maliciously or with a design to injure the plaintiff; and as to any words spoken by said Hannah of and concerning the plaintiff and said Jerusha Brackett, (the said Jerusha being a sister of said Hannah) that the character of said Jerusha, and the conduct of the plaintiff with and towards her, were such as to furnish strong grounds of suspicion against the plaintiff of the truth of such words as were spoken on the occasion and times alleged.

Evidence was introduced showing that Jerusha Brackett had lived at the plaintiff's house in Cabotville in Massachusetts, after she had lived in Portland; that she came from Cabotville to Portland, and thence to Fryeburg, to which place the plain-

tiff went for her, and that they rode together from Fryeburg to Portland. The defendants offered evidence to show that Jerusha Brackett's character for chastity was bad, for several years before, and up to the time when she left Portland for the purpose, with other circumstances before shown, to rebut the presumption of malice, and in mitigation of damages. The evidence being objected to, was excluded. To prove his marriage the plaintiff was allowed, against the objection of the defendants, to show that the plaintiff had lived in Cabotville with a woman whom he recognized as his wife, and by whom he had several children ; that for six years before the trial, they had lived together as man and wife. The Judge remarked in his instructions to the jury, " If in the present case, the persons to whom the words were spoken, had been under the care and protection of Mrs. Robinson, and as their adviser and in a proper manner, she had warned them against the plaintiff, although she might use words, which under other circumstances might be actionable, still such a state of facts might repel malice, but such a state of facts did not exist."

1. Was the evidence offered and rejected admissible for the purpose expressed ? " The defendant may in all cases plead the general issue, which shall be joined by the plaintiff, and he may give in evidence any special matter in defence, where the issue is to be joined to the country ; provided, he shall at the same time file in the cause, a brief statement of such special matter." R. S. c. 115, § 18. This provision was intended for the purpose of allowing special matter to be introduced in defence of actions, under the general issue, instead of the requirement, that it should be done under a special plea. It was not designed to allow a greater latitude in defence, by the introduction of evidence, not before admissible. The notice of the special matter, to be offered under the general issue, must contain as clear and distinct grounds of defence as was necessary under a special plea, previous to the passage of the statute ; and evidence incompetent under the pleadings formerly required would also be inadmissible under the general issue and brief statement. Some facts may be given in evidence under

a plea of justification, in an action for slanderous words, that the words alleged to have been spoken by the defendant were true, when they would be inadmissible under the general issue; in such cases the brief statement must, when filed with the general issue, contain as full and precise an allegation of the truth of the charge, as the special plea should do. *Brickett* v. *Davis*, 21 Pick. 404.

It is a general rule, that whatever will in equity and conscience preclude the plaintiff from recovering, need not be pleaded, but may be given in evidence, under the general issue. Stark. on Slander, 326. In an action for slander, a malicious intention to injure the plaintiff is an essential ingredient; and it is therefore necessary to introduce into every declaration, an averment of the defendant's malice. Stark. on Slander, 316.

And it follows, that the defendant may give in evidence any matter, which tends to rebut presumption or evidence of malice, under the general issue, without averring in the form of a plea or brief statement, the truth of the words alleged to have been spoken. 2 Stark. Ev. 873; 2 Greenl. Ev. sect. 421.

If the plaintiff in proof of malice, relies on the falsity of the charge made by the defendant, the defendant may rebut the inference by proof of the charge under the general issue. And when the occasion and circumstances attending the speaking of the words, are such, that malice is not presumed, without proof of its existence, the defendant may prove these circumstances, without alleging the truth of the charge. This is allowed where the words complained of, are communications concerning the plaintiff as a public officer, to the appointing power, and in confidential information made in the ordinary course of lawful business from good motives and justifiable ends. If the words are used by the defendant, acting in his character of a judicial officer, legislator, witness, attorney or party in the trial of a cause, before a competent tribunal, these circumstances may be shown under the general issue. But if the plaintiff makes out a *prima facie* case, by evidence, that the defendant used the words, which were actionable, the burden of proof is on the defendant to explain it. Without any

Taylor *v.* Robinson.

explanation, the presumption remains, that the defendant in-tended, what the words import, in their ordinary signification.

And if he does not attempt under proper pleadings to show the truth, it will not be permitted him, to adduce misconduct of the plaintiff, for the purpose of rebutting the evidence of malice. *Lawrence* v. *Knies*, 10 Johns. 142; *Shepard* v. *Merrill*, 13 Johns. 475; *Usher* v. *Severance*, 20 Maine, 9. If the evidence offered and rejected, had tended to show mis-conduct on the part of the plaintiff, from the view, which has been taken, it was incompetent for the purpose of rebutting the presumption of malice. It was not accompanied by any evidence, or the offer of any, showing in the least degree, that the words charged were uttered for such lawful object.

At this day, it is regarded as settled, that under the general issue, the defendant cannot be permitted to give the truth in evidence, as a defence to the suit, or in mitigation of damages. 2 Greenl. Ev. sect. 424. But evidence has been allowed for the latter purpose, showing the misconduct of the plaintiff, which gave rise to the charge, in attempting to commit the crime, or in leading the defendant to believe him guilty. *East* v. *Chapman*, 2 C. & P. 570; 2 Greenl. Ev. sect. 275. But it is believed that no case can be found, where such evidence of the plaintiff's misconduct as was offered in this case, has been admitted. The character of Jerusha Brackett for chas-tity may have been notoriously bad at Portland while she re-sided there, and for a long time before. But it does not follow that the plaintiff was guilty of misconduct in doing all which the evidence, in its most unfavorable aspect for him, would indicate that he did do. She may have reformed, before his acquaintance with her, or he may have been entirely ignorant of her character. There is no evidence reported, and there was none offered, that he was aware that her character was at the time, or had been previously, bad for chastity. Her character, unknown to him in this respect, could not tend to throw any just suspicion over his conduct, if it were otherwise unobjectionable.

The instruction to the jury complained of, cannot be regard-

ed as erroneous.   The Judge had stated under what circumstances words, in themselves actionable, might be spoken with propriety, and when malice would not be imputable to their author.   To illustrate the proposition, a case was stated, and to prevent any misapprehension, the remark was made, that the case supposed was not intended to be represented as the one before them ; and from the evidence reported, it was certainly not in all respects the same.

3. Was the evidence allowed in proof of the plaintiff's marriage incompetent ?   " It seems to be a general rule, that in all civil personal actions, except that for criminal conversation, general reputation and cohabitation are sufficient evidence of marriage." 2 Stark. Ev. 939.   Mr. Greenleaf in his treatise on Evidence, vol. 2, section 461, says, " the proof of marriage as of other issues, is either by direct evidence establishing the fact, or by evidence of collateral facts and circumstances, from which its existence may be inferred.   Evidence of the former kind, or what is equivalent to it, is required upon the trial of indictments for polygamy and adultery and in actions of criminal conversation ; but in all other cases, any other satisfactory evidence is sufficient."   And he says in sect. 462, " It is competent to show their conversation, addressing each other as man and wife.   Their cohabitation also as man and wife is presumed to be lawful, till the contrary appears.   The evidence introduced in proof of the marriage, was such as has been allowed in all civil cases.   And we find no authority for a distinction in cases where the party to the marriage is a party to the suit, and wishes to prove the marriage, and where the attempt to establish the marriage, is by one who is a stranger thereto.   *Fenton* v. *Reed,* 4 Johns. 52.

*Exceptions overruled.*