GEORGE R. MCNALLY *vs.* EDWIN C. BURLEIGH, and others.

Kennebec.    Announced October 16, 1897.

*Libel.  Privileged Communication.  Damages.*

Where the words published by the defendants in their newspaper concerning the plaintiff, both personally and in his official capacity, are clearly libelous, a verdict for the plaintiff will be sustained if the words are untrue and unprivileged.

To be privileged, the words must be published without actual malice, in an honest belief of their truth, and with such belief based upon reasonable or probable cause after a reasonably careful inquiry.

In this case it appeared that the publication complained of was the work of a reporter of the defendants' newspaper, and that his motives and conduct were really in question. There was some evidence tending to show that the reporter was hasty and somewhat unfriendly to the plaintiff; that his belief was influenced by his feelings rather than by his judgment; and that his investigation of the affair as published was rather superficial and more for the purpose of making a sensation than to ascertain the truth. The jury believed this testimony and the court consider that the finding was not unquestionable error.

The plaintiff was a public officer and was severely libelled in that capacity by the defendants' newspaper,—an influential and leading newspaper in the state, having a wide circulation. Upon a motion for a new trial upon the ground that the damages ($896.37) were excessive, *held;* that the plaintiff was entitled to the opinion of the jury on the question of the damages caused him by the libel; and the court declined to set the verdict aside.

ON MOTION BY DEFENDANTS.

This was an action on the case for libel and in which the plaintiff, who was a deputy sheriff, claimed that the defendants who were proprietors and publishers of the newspaper, called the Kennebec Journal, had falsely and maliciously accused the plaintiff with being guilty of and committing two crimes, viz: the crime of voluntarily suffering Foster Nelson, a prisoner in his custody, as a

deputy sheriff, to escape, and the crime of bribery, in receiving money as a deputy sheriff, from said Nelson, as an inducement for omitting to perform his official duty, by allowing said Nelson to escape from plaintiff's custody.

The case was tried to a jury, sitting in Kennebec county, who returned a verdict for the plaintiff of $896.37.

*W. H. McLellan; John McCarty,* for plaintiff.

*H. M. Heath and C. L. Andrews; Forrest Goodwin; Jos. Williamson, Jr., and L. A. Burleigh,* for defendants.

PER CURIAM. The words published by the defendants in their newspaper concerning the plaintiff, both personally and in his official capacity, were clearly libelous, if untrue and unprivileged. The jury found they were untrue, and in this finding the defendants, though denying its correctness, frankly concede they should acquiesce.

To be privileged, the words must have been published without actual malice, in an honest belief of their truth, and with that belief based upon reasonable or probable cause after a reasonably careful inquiry. The jury found against the defendants on this issue, but this finding the defendants vigorously and confidently attack as being so much against the evidence as to show the jury to have been unmistakably wrong.

The publication was really the work of a reporter for the defendants' newspaper. His motives and conduct were really in question. We find some evidence tending to show that the reporter was hasty and somewhat unfriendly to the plaintiff, that his belief was influenced by his feelings rather than by his judgment, and that his investigation of the affair was rather superficial and more for the purpose of making a sensation than to ascertain the truth. The jury believed this testimony and we do not feel warranted in saying that the finding was unquestionable error.

The defendants also strenuously contend that the damages ($896.37) are excessive. They claim that the prior standing and character of the plaintiff were so low, he could not have suffered

more than nominal damages.  The plaintiff's standing and character were in issue on this question of damages and the jury found he had enough to be injured to the extent named.  The plaintiff was a public officer and was severely libelled in that capacity by an influential newspaper of wide circulation, one of the leading newspapers of the state.  The plaintiff was entitled to the opinion of the jury on the question of the damages caused him by the libel. We do not feel justified in this case in setting that opinion aside.

*Motion overruled.*