G. Edgar Hodgkins *vs.* E. J. Gallagher.

Androscoggin. Opinion December 22, 1922.

*In an action of tort for alleged slander, to sustain the defense of privilege, it must appear that the defamatory words were spoken in good faith, without actual malice and with reasonable grounds for believing their truth.*

Words uttered by a United States Post Office Inspector in directing the dismissal of a post office employee are privileged. But the privilege is qualified. To be available as a defense it must appear that the words if defamatory were spoken in good faith, without actual malice and with reasonable grounds for believing their truth.

It does not appear that the defendant, if he uttered the defamatory words charged, had any reasonable ground for believing their truth. The defense of privilege is not established.

But as against the defendant's positive denial the testimony offered by the plaintiff does not prove by a preponderance that the defendant uttered the defamatory words charged.

On report. This is an action of tort to recover damages for alleged slander, the plaintiff alleging that in December, 1921, when he was employed as a clerk in the post office at Mechanic Falls, the defendant, then a United States Post Office Inspector, in speaking to the Postmaster, Mr. Millett, referred to him, the plaintiff, in asking for his dismissal by the postmaster, in the following language, "He is a thief— He has stolen between eighty and one hundred dollars from the Athletic." Defendant pleaded the general issue and also a brief statement under which he alleged that whatever he said was without malice and was privileged being spoken by him in his official capacity as a post office inspector. At the conclusion of the evidence by agreement of the parties the case was reported to the Law Court for the determination of the rights of the parties and to assess damages if the action was maintainable. Judgment for defendant.

The case is stated in the opinion.

*Frank A. Morey,* for plaintiff.

*John F. A. Merrill, U. S. District Attorney,* for defendant.

SITTING:   CORNISH, C. J., SPEAR, PHILBROOK, DUNN, WILSON, DEASY, JJ.

DEASY, J.   This is an action of tort for alleged slander.   It comes to this court on report.

The plaintiff was in December, 1921 employed in the Mechanic Falls Post Office by Frank A. Millett, Postmaster.   The defendant was a United States Post Office Inspector.   Acting by authority of his office he directed Mr. Millett to dismiss the plaintiff from service in the post office.   In this connection it is alleged in the writ that he said referring to the plaintiff, "He is a thief— He has stolen between eighty and one hundred dollars from the Athletic" (Association).

This allegation is supported by the testimony of Mr. Millett.   The defendant denies using the above or any similar language, and also pleads privilege.

The defense of privilege if at all necessary is not sustained.   The defendant's privilege is a qualified privilege and is a defense only if the defamatory words were spoken in good faith, without actual malice (*Sweeney* v. *Higgins*, 117 Maine, 415) and with reasonable grounds for believing their truth.   (*Toothaker* v. *Conant*, 91 Maine, 438; *Elms* v. *Crane*, 118 Maine, 264).   The defendant was not actuated by malice.   What he said was uttered in good faith.   But the case does not disclose that he had any reasonable grounds for accusing the plaintiff of stealing.   If he used the defamatory language as alleged, the defense of privilege is not established.   But the defendant denies that he made use of the words charged.   He admits that he directed the plaintiff's removal because he was "not satisfactory in the service" but disputes that he in any form of words accused him of crime.

Strict proof is required of the utterance by the defendant of the words set forth in the writ so far as they are essential to the charge. *Kimball* v. *Page*, 96 Maine, 489.   The burden is upon the plaintiff. The Postmaster Millett testifies that the words were spoken as set forth.   The Post Office Inspector Gallagher as positively denies the speaking of the words charged or any others of similar import.

Gallagher is interested as a party.   Millett is frankly a partisan of the plaintiff and naturally so as the plaintiff has been for some years a member of his household.   Neither Millett nor Gallagher is corroborated; neither is impeached; neither is contradicted except by the other.

We see no reason to hold that the testimony of Millett outweighs that of Gallagher. It is difficult for any of us to remember spoken words after months or even days have passed. What we remember is not the words spoken, but our interpretation of their import and meaning.

There is no evidence in the case proving or tending to prove the commission of any criminal offense by the plaintiff. We decide the case on the ground that he has not shown by preponderance of evidence that the defendant charged him with any such offense.

*Judgment for defendant.*