EMILE BOULET AND ELEANOR BOULET
*vs.*
CARROLL BEALS

York.    Opinion, February 9, 1962.

*Waterhouse, Spencer & Carroll,* for plaintiffs.

*J. Armand Gendron,*
*Harry S. Littlefield,* for defendant.

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, SULLIVAN,
DUBORD, SIDDALL, JJ.

DUBORD, J. This case is before us upon an appeal from a judgment rendered in an action for defamation by slander.

The complaint alleges in substance that the plaintiffs were proprietors of a motel business in the Town of Wells, in the County of York, and State of Maine, doing business under the name and style of Ocean Breeze Motor Court. The complaint contains the usual allegations of prior good reputation. The defendant was an employee of the Wells Chamber of Commerce and as such served in the information booth. It is alleged that on July 22, 1960, in the presence of several persons, the defendant in discussing the motel conducted by the plaintiffs with prospective customers said: "Don't go over there unless you have to, because they are unethical and if you have to go there, get a receipt or they will make you pay twice." Allegation is made of injury to the business reputation of the plaintiffs and loss of business is claimed.

The defendant, in his pleadings, denied that he used the word "unethical" and averred that he had no intention of injuring or impairing the business reputation of the plaintiffs and that his statements were made on the basis of information on file with the Wells Chamber of Commerce; and that it was his duty as representative of the Chamber of Commerce to advise and give information truthfully and as impartially as possible.

Upon trial, the jury returned a verdict for the plaintiffs in the amount of $5,000.00.

Truth was not pleaded as a defense, nor suggested at a pre-trial conference. Similarly privilege was not pleaded by the defendant, unless his allegation that any statements he made concerning the defendants were made in the line of his duty as an employee of the Wells Chamber of Commerce can be considered as pleading this affirmative defense. At a pre-trial conference, the question of privilege was not discussed.

Following the entry of judgment in the amount of $5,000.00, the defendant addressed a motion for a new trial to the presiding justice.

In his findings and order upon the motion presented to him, the presiding justice pointed out that the defense of privilege had not been advanced, but that, nevertheless, he considered this issue in his decision on the motion. He sustained the motion and granted a new trial unless the plaintiffs remitted all of the verdict in excess of $1,750.00. The plaintiff accepted this finding and remitted all damages in excess of $1,750.00. Judgment was then entered for the reduced amount.

The defendant then filed an appeal based upon the usual grounds that the verdict and judgment was against the law and the charge of the justice, and against the evidence and the weight thereof. The appeal is also based upon an allegation that the statement complained of by the plaintiffs was protected under the doctrine of qualified privilege; that it was true and that the damages as reduced by the presiding justice are still excessive.

In the action now before us, the plaintiffs charge that defendant slandered them by making false statements to the effect that they were unethical in the manner of conducting their business. The law seems to be clear that such a statement, unless true or privileged, is the basis for an action for damages.

> "One who falsely and without a privilege to do so,
> publishes a slander which ascribes to another con-
> duct, characteristics or a condition incompatible
> with the proper conduct of his lawful business,
> trade, profession, or of his public office whether
> honorary or for profit, is liable to the other."
> Restatement of the Law of Torts, Defamation,
> § 573.

See also, 33 Am. Jur., Libel and Slander, § 68; *Barnes*
v. *Trundy*, 31 Me. 321; *Orr* v. *Skofield*, 56 Me. 483; *Pattan-
gall* v. *Mooers*, 113 Me. 412, 94 A. 561.

Now what of the defenses of privilege and truth? It is
contended by the plaintiffs that these defenses are not open
to the defendant at this time, because of failure on his part
to plead specially these affirmative defenses.

We, therefore, ask ourselves this question. Is it neces-
sary to specially plead privilege and truth as affirmative de-
fenses?

Insofar as truth is concerned it was decided many years
ago by this court in *Taylor* v. *Robinson*, 29 Me. 323, that un-
der the general issue, the defendant is not permitted to give
truth in evidence, as a defense to the suit, or in mitigation
of damages.

M.R.C.P. 8 (c) relating to affirmative defenses reads in
part as follows:

> "In pleading to a preceding pleading, a party shall
> set forth affirmatively accord and satisfaction,
> arbitration and award, assumption of risk, con-
> tributory negligence in actions for negligently
> causing death or for injury to a person who is de-
> ceased at the time of trial, discharge in bank-
> ruptcy, duress, estoppel, failure of consideration,
> fraud, illegality, injury by fellow servant, laches,
> license, payment, release, res judicata, statute of
> frauds, statute of limitations, waiver, *and any*

*other matter constituting an avoidance or affirmative defense."* (Emphasis supplied.)

It is to be noted that privilege and truth in actions for defamation of character are not specifically listed, but in the commentary covering M.R.C.P. 8, in Field and McKusick, § 8.20 we find the following:

"Other defenses that should be affirmatively set forth are those that do not 'tend to controvert the opposing party's prima facie case as determined by . . . substantive law . . .'" For example, truth as a defense to an action for slander has been held in Maine to be an affirmative defense as has justification of any sort. These matters will also be affirmative defenses under the catch-all provision of Rule 8 (c).

See also, Barron and Holtzoff, Federal Practice and Procedure § 279, which lists truth and privilege as affirmative defenses which should be pleaded.

See also 51 A. L. R. (2nd) Defamation, Page 567, where it is stated: "Under the practice of many jurisdictions, privilege and fair comment are regarded as affirmative defenses which must ordinarily be specially pleaded in order to be available."

We conclude, therefore, particularly for future guidance of attorneys, that truth and privilege, to be available as matters of defense, must be pleaded affirmatively. Counsel for the defendant in an endeavor to support his contention that these defenses need not be pleaded affirmatively calls attention to Rule 8 (e) (1) to the effect that no technical forms of pleadings or motions are required. However, we are constrained to state that this particular sentence is not to be construed as voiding all necessity on the part of pleaders to comply with simple requirements of pleading as set forth in our New Rules of Civil Procedure, which have now been in effect for more than two years.

58

We are cognizant of the impact of M.R.C.P. 15 (b) covering situations where issues not raised by the pleadings are tried by express or implied consent of the parties, and a study of the transcript of the evidence in the case before us might lead to a conclusion that even though truth and privilege were not pleaded, the case was in fact tried upon that theory with consent of the parties involved. See 51 A. L. R. (2nd) § 6 c., Page 571 to the effect that it has been held that where the case is tried on the theory that the defense of privilege is in issue, the defendant may have the benefit of that defense, although he had failed to properly raise it in his pleadings.

A study of the charge of the presiding justice at the trial of the cause shows that he instructed the jury upon the law relating to truth as a defense even though it had not been pleaded. The finding of the jury in favor of the plaintiffs may well have determined as a matter of fact, the issue of truth.

Upon the question of privilege, if we are to conclude that the defendant may avail himself of that defense at this time, we adopt the finding of the presiding justice set forth in his order relating to the motion for a new trial, to the effect that the defense of privilege had not been sustained by the evidence in the case.

> "To be privileged, the words must have been published without actual malice, in an honest belief of their truth, and with that belief based upon reasonable or probable cause after a reasonably careful inquiry." *McNally* v. *Burleigh, et al.*, 91 Me. 22, 23, 39 A. 285.

> "The defendant's privilege is a qualified privilege and is a defense only if the defamatory words were spoken in good faith, without actual malice (*Sweeney* v. *Higgins*, 117 Maine, 415) and with reasonable grounds for believing their truth.

(*Toothaker v. Conant*, 91 Maine, 438; *Elms v. Crane*, 118 Maine, 264). The defendant was not actuated by malice. What he said was uttered in good faith. But the case does not disclose that he had any reasonable grounds for accusing the plaintiff of stealing." *Hodgkins* v. *Gallagher*, 122 Me. 112, 113, 119 A. 68.

In returning a verdict for the plaintiffs, the jury must have believed the evidence adduced by them to the effect that the defendant had in fact published the alleged false and slanderous statement concerning their business. We have already indicated that even though the defense of truth was not pleaded, that upon instructions of the presiding justice concerning the law relating to truth as a defense, the jury resolved this issue in favor of the plaintiffs. Moreover, we have also pointed out that a study of the evidence convinces us that the defendant is not entitled to the defense of privilege. While he may have believed in the truth of the statements which he made, it is clear that he did not act as a prudent man in checking the facts upon which this serious and false statement was made.

Two questions remain for determination. Does the evidence support a jury verdict for the plaintiff; and, if so, are the damages awarded, even as reduced by the presiding justice, excessive?

The defendant seeks to overturn the verdict and on this issue the burden rests on him.

We said in the very recent case of *Knowles, et al.* v. *Jenney*, 157 Me. 392, 399, 173 A. (2nd) 347:

> "On many occasions this court has said that a verdict shall not be overturned unless so manifestly erroneous as to make it apparent it was produced by prejudice, bias, or mistake of law or fact; or unless there was palpable and gross error; unless it is plain that the jury have drawn conclusions

> unauthorized by proof; unless the verdict is clearly and manifestly wrong. We have also said that where the evidence presented leaves only a question of fact about which intelligent and conscientious men might differ, the Law Court will not substitute its judgment for that of the jury. The verdict of a jury must stand unless there is a moral certainty that the jury erred. A verdict will stand where the judgment of the jury was honestly exercised. The evidence in a case must be viewed in the light most favorable to the successful party. This court has also said that a verdict will not be lightly set aside; and that the burden of proving a verdict is manifestly wrong is on the party seeking to set such verdict aside. Of course, a verdict based upon incredible evidence cannot stand, nor will a verdict founded on guesswork or speculation be permitted to stand. In summary the law is that a verdict will be overturned only when it is plainly without support in the evidence."

Applying the foregoing rules to the case before us, we are of the opinion that upon the evidence the jury verdict for the plaintiffs was warranted and justified.

As previously pointed out, it is the contention of the defendant that the damages, even after their reduction by the presiding justice, are excessive.

The theory of damages in actions for defamation is fair and reasonable compensation and no more. See *McMullen* v. *Corkum*, 143 Me. 47, 54; 54 A. (2nd) 753.

The elements of damage in cases of this type are well set forth in *Davis* v. *Starrett*, 97 Me. 568; 55 A. 516, and in *Elms* v. *Crane*, 118 Me. 261, 265; 107 A. 852.

Giving consideration to the evidence in the instant case based upon the rules prescribed in the foregoing opinions of this court, we conclude that the damages awarded are to some extent excessive. There is no proof of actual malice

on the part of the defendant so that punitive damages are not allowable. Neither is there any proof of actual special damage. Plaintiffs' case is, therefore, based upon mental distress and alleged humiliation, and injury to their reputation. In view of all the circumstances of the case, as substantiated by the record, we are of the opinion that the amount of $1,000.00 would fairly compensate the plaintiffs.

The entry will be:

> *If the plaintiffs remit all of the judgment in excess of $1,000.00, within 30 days after the rescript in this case is received, the appeal is denied; otherwise the appeal is sustained and a new trial granted.*