430

## Peter C. Ventura v. Almartin Motors, Inc.

[430 A.2d 1279]

No. 435-79

Present: Larrow, Billings, Hill and Underwood, JJ., and Daley, J. (Ret.), Specially Assigned

Opinion Filed April 7, 1981

Motion for Reargument Denied April 28, 1981

*Mahady, Dunne, Hershenson & Scott,* Norwich, for Plaintiff.

*Paul L. Reiber* of *Dick, Hackel & Hull,* Rutland, for Defendant.

Larrow, J. This case presents a single issue, claimed error by the trial court in granting defendant a new trial without offering plaintiff an opportunity to file a remittitur. V.R.C.P. 59(a). Resolution of this issue, however, is rendered complex by the failure of the trial court to utilize the clarifying procedures of special verdicts or interrogatories. V.R.C.P. 49. This shortcoming makes necessary an extensive factual recitation.

Plaintiff's claim is based upon alleged damages to, and conversion of, his Triumph automobile. He claims that in 1976 he left his car with the defendant Almartin Motors, Inc. (Almartin) for routine maintenance, that when he returned for it and paid the bill, he found it severely damaged. The de-

fendant alleges that the damage occurred during a "test drive." This was disputed, with plaintiff's evidence tending to show that an employee had used it to go for coffee, and that it had then been hit by a truck operated by one Dostie and owned by Burlington Drywall, Inc., both named defendants. Plaintiff further claimed that later, without authorization, Almartin had the car removed to a body shop, which refused to return it without payment. Never returned, the car was left in the open and became a total wreck.

The case was tried by jury twice. In the first trial, plaintiff's verdicts were returned against Burlington Drywall and Dostie in the amount of $1,586.21, and against Almartin in the amount of $13,414.00. The first judgment against Burlington Drywall and Dostie has been paid. The judgment against Almartin was set aside and a new trial ordered on the ground that "the evidence does not support the verdict returned." At the same time, motions for judgment notwithstanding and for mistrial were denied. No remittitur opportunity was afforded plaintiff. The trial court merely stated that the error could not be so corrected.

A second jury trial resulted in verdict and judgment for the defendant Almartin, and this appeal followed.

██ Although taking a different position in his brief, plaintiff has conceded on argument that the verdict returned by the jury and the judgment thereon were in fact excessive. Upon all the evidence, it would appear that the maximum justifiable verdict would have been some $6,200.00, the value of the auto at the time of the first claimed conversion, plus some 2½ years interest. Its value at the time of the second claimed conversion would have been $1,586.21 less, because of the intervening damage. The verdict was indeed excessive, and could well have been based upon adding both amounts together, even though the charge as given clearly made election a necessity. There was an evidentiary conflict as to liability with respect to both conversions. The trial court so ruled in denying Almartin's motion for judgment notwithstanding, and no error is claimed in this respect. Defendant's sole claim seems to be that the jury's error so pervaded the whole verdict as to make the remedy of remittitur ineffective. We are not so persuaded. No error is claimed with respect to the

charge as it relates to liability and under it, fairly viewed, Almartin could be liable for either conversion, but not for both. In the unique status of this case, the damages on either count are substantially the same. The value of the car in question at the time of conversion is the measure. This was, of course, larger at the time of the first conversion, because the accident damage had not yet occurred. At the time of the second conversion, shortly after, the value was diminished by the accident damage. But, to achieve the substantial justice objective of the remittitur provision, the same result is indicated. Plaintiff has been fully compensated by the other defendants for the accident damage, and to make him whole requires only an award of the lesser sum plus an allowance in lieu of interest. Our V.R.C.P. 59(a), patterned after the Maine counterpart, requires that if the sole ground, as here, for a new trial is excessive damages, neither a complete nor partial new trial may be awarded until plaintiff has been given a chance to remit the excess. 2 R. Field, V. McKusick & L. Wroth, Maine Civil Practice § 59.2, at 60 (2d ed. 1970). This procedure should have been followed by the trial court, and plaintiff has indicated his acquiescence in such a reduced verdict. Had this course been followed in the trial court, the second trial would not have resulted, and that judgment must be stricken.

We could, of course, remand for making the necessary entries at the trial level. But no reason appears why it cannot be done here. Indeed, it has been held that the rule envisions even further reduction at the appellate level where a first remittitur has been entered below. *Boulet* v. *Beals,* 158 Me. 53, 177 A.2d 665 (1962).

We will, accordingly, strike the defendant's judgment below, and enter one for the plaintiff, consistent with the views herein expressed.

*The judgment order of November 13, 1979, is stricken. Judgment is entered for the plaintiff to recover of the defendant Almartin Motors, Inc., the sum of $6,444.21, with his costs in each court.*