STATE OF MAINE                    BUSINESS AND CONSUMER COURT

Cumberland, ss.                    BCMH-CUM-01-13-2015

TD BANK, N.A.

                    Plaintiff

                                            Docket No. BCD-CV-14-33

            v.

TUCSON, INC., MORE PROPERTIES, INC.,
CRAIG D. MORENCY and SCOTT P. MORENCY

                    Defendants

## ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Plaintiff TD Bank, N.A.'s Motion for Summary Judgment came before the court for oral argument January 7, 2015.

The corporation defendants have not defended in this case, and the Motion is directed to the individual defendants, Craig Morency and Scott Morency, guarantors of the obligations of the corporate defendants. The Morencys raise several defenses and objections to the Bank's Motion.

First, they assert that their guarantees were not supported by consideration because, although they were nominal principals in the corporations, the corporations were functionally controlled by their father, Paul Morency, and the sons derived no financial benefit from the loans that they guaranteed. The record does indicate that the sons signed the guaranties mainly or entirely because the Bank did not consider the father credit-worthy and required guaranties from others. For two reasons, the court does not accept the Morencys' argument. First, there is no requirement that a loan guarantor benefit personally or directly from a loan, student loans guaranteed by parents or grandparents or non-relatives being a common example of such a situation. The sons presumably would not have signed the guaranties unless they

I

wished to facilitate the loan to the father—and the grant of that wish is consideration enough. Further, as the Bank points out, the guarantees unambiguously recite that they are supported by valid and sufficient consideration, so the sons' contention is inadmissible under the parol evidence rule. *See Clarke v. DiPietro,* 525 A.2d 623, 625 (Me. 1987).

The sons' second argument is that they felt rushed and pressured into signing the guarantees and did not understand what they were signing. Here again, the unambiguous terms of the guarantees prevail. *See Peterman v. Clegg,* 641 A.2d 867, 868 (Me. 1994) ("signed contract is sufficient evidence to overcome the defendants' testimony to the contrary.").

Third, the Morencys claim to have been promised by their father that they would never be liable on the guarantees. They do not claim the Bank itself made such an explicit promise, but they do assert that the Bank had a fiduciary duty to correct the misimpression. Again, the unambiguous language of the guarantees negates any such argument. Moreover, the Morencys have not demonstrated that the Bank was under any fiduciary duty to them. In *Stewart v. Machias Savings Bank,* the Law Court said:

> Standing alone, a creditor-debtor relationship does not establish the existence of a confidential relationship. To demonstrate the necessary disparity of position and influence in such a bank-borrower relationship, a party must demonstrate diminished emotional or physical capacity or the letting down of all guards and bars.

2000 ME 207, ¶ 11, 762 A.2d 44, 46, *quoting and citing Reid v. Key Bank of Southern Maine, Inc.,* 821 F.2d 9, 18 (1st Cir. 1987); *See First NH Banks Granite State v. Scarborough,* 615 A.2d 248, 250 (Me. 1992); *Diversified Foods, Inc. v. First National Bank of Boston,* 605 A.2d 609, 615 (Me. 1992).

Lastly, the Morencys assert that the Bank is not entitled to summary judgment because it failed to notify them of the sales on foreclosure of the Bank's security for the loans. For two reasons, that argument fails as well. First, the record indicates that the Bank did send notice to the address that they had provided. Second, the applicable foreclosure statute contains no requirement that a foreclosing lender send notice of foreclosure to secondary obligors, such as guarantors, in addition to the required notice to the mortgagor. *See* 14 M.R.S. § 6203-E ("No

2

action for a deficiency shall be brought by the holder of the mortgage note or other obligation secured by mortgage of real estate after foreclosure by exercise of the power of sale, unless a notice in writing of the mortgagee's intention to foreclose the mortgage shall have been served on the mortgagor or its representative . . ."). To impose the requirement of notice to guarantors as well would be to add a provision to the statute.

For all of the foregoing reasons, it is ORDERED:

1.     Plaintiff T.D. Bank, N.A.'s Motion for Summary Judgment is granted.

2.     The Plaintiff's claims against the corporations remain pending. If the Plaintiff intends to pursue those claims, it shall do so through a filing within 20 days. If the Plaintiff does not intend to pursue those claims, it shall so advise the court within 20 days.

Pursuant to M.R. Civ. P. 79(a), the clerk is hereby directed to incorporate this order by reference in the docket.

Dated January 13, 2015

_____
A. M. Horton
Justice, Business and Consumer Court

Entered on the Docket: 1-15-15
Copies sent via Mail ___ Electronically ✓

3

**TD Bank, N.A. v. Tuscon, Inc., More Properties, Inc., Craig D. Morency and Scott P. Morency**
**BCD-CV-14-33**


**TD Bank, N.A.**

    **Plaintiff**

        Counsel:                Aaron Burns, Esq.
                                  Two Monument Square, 9th Floor
                                  PO Box 108
                                  Portland, ME 04112


**Tuscon, Inc., More Properties, Inc., Craig D. Morency and Scott P. Morency**

    **Defendants**

        Counsel:                Andre Duchette, Esq.
                                  30 Milk Street, 5th Floor
                                  Portland, ME 04101