## Augusta Estes *vs.* Howard Estes.

## Somerset.    Opinion December 27, 1883.

*Slander.    Variance.    Arson.    Evidence.    New trial.*

In actions for verbal slander the words must be proved strictly as alleged.

In such an action the allegation in the writ was that the defendant said: "You burnt your buildings," and no witness testified that the word "your" was used by the defendant in any conversation relating to the burning. *Held*, that the allegation was not supported by the proof.

An accusation that the plaintiff burned a building which, though owned by the defendant, was occupied by the plaintiff as a dwelling house, will not support an allegation in an action of slander, that the defendant had accused the plaintiff of arson.

An allegation in an action of slander, that the defendant accused the plaintiff of setting a building on fire for the purpose of obtaining the insurance upon it, is not supported when there is no evidence that there was any insurance upon the building burned, or that the plaintiff had any insurable interest in the building, or that any insurance was ever received or claimed.

A plaintiff in an action of slander upon the allegation that the defendant had accused her of a want of chastity obtained a verdict for nominal damages, and thereupon moved to set the verdict aside as inadequate, and for a new trial. It appearing that the words were spoken in the presence of but four persons, the plaintiff and her husband, her husband's brother (who was the defendant) and the mother of her husband and the defendant, the motion was overruled.

On exceptions and motion to set aside the verdict.

An action of slander.  The writ was dated February 28, 1879. The plea was general issue and the verdict was for the plaintiff, damages being assessed at one cent.

The essential facts are stated in the opinion.

*D. D. Stewart*, for the plaintiff.

The jury found the defendant guilty of an accusation against the plaintiff, most disgraceful and humiliating to a lady of good character, as this plaintiff was shown to be, and yet gave the plaintiff but one cent damage.   The bare statement of the case

shows the great wrong done the plaintiff by such a verdict. It can be explained in but one way — it was the result of bias, prejudice or mistake. The mistake may have arisen, in part at least, from the instructions and language of the charge.

The words, if proved to the satisfaction of the jury, were actionable *per se*. In such case the law conclusively presumes malice, and, unless the occasion upon which they were spoken was privileged, and there is no pretence of such privilege here, the plaintiff was absolutely entitled to recover, and the jury should have been so instructed. *Jellison et ux* v. *Goodwin*, 43 Maine, 287 ; *Newbit* v. *Shatuck*, 35 Maine, 318 ; *True* v. *Plumly*, 36 Maine, 466 ; *Watson et ux* v. *Moore*, 2 Cush. 137 ; *Kenney* v. *McLaughlin*, 5 Gray, 3.

But the learned judge gave no such instruction. What he did say was continually qualified by the instruction that the defence was made out if there was no malice. When words are actionable *per se*, " evidence is not admissible to disprove malice in law." *Powers* v. *Cary*, 64 Maine, 16.

"The existence of malice is not a question for the jury in an ordinary case of slander (where the words are actionable *per se*.) The law implies such malice as is necessary to maintain the action." 2 New Mass. Digest, 3352, § 9, and cases cited ; *Kenney* v. *McLaughlin et ux*, 5 Gray, 3-5.

That the defendant charged the plaintiff with burning the buildings is proved beyond doubt. Indeed he admits it. "I told her right to her head that I thought she burned the buildings." This, with the other evidence in the case, brings it within R. S., c. 119, § § 1, 4 and 6. It sustains the special count charging arson, and the general count charging the same offence. *Dunnell* v. *Fiske*, 11 Met. 552-3 ; *Clark* v. *Munsell*, 6 Met. 385-6 ; *Kenney* v. *McLaughlin*, 5 Gray, 4.

And the whole evidence together seems also to sustain the count charging her with burning the buildings to obtain the insurance on property burned, bringing the case within the offence described in R. S., c. 126, § 15. Whether the whole evidence, when fully considered, did or did not sustain this charge, or the charge of arson, was a question of fact to be submitted to the

jury and determined by them. *Buckley* v. *O'Neil*, 113 Mass.
193, 194.

*S. S. Brown*, for the defendant, cited : Sedgwick on Dam-
ages, 766 ; Hilliard on New Trials, 572 ; *Mauricet* v. *Brecknock*,
2 Dougl. 509 ; *Taunton M'f'g Co.* v. *Smith*, 9 Pick. 13 ; 2
Salk. 647 ; *Martin* v. *Hopkins*, 9 Johns. 36 ; *State* v. *Haynes*,
66 Maine, 307 ; 2 Bish. Cr. Law, § 8 ; 3 Inst. 66 ; 2 Russell on
Crimes, 548 ; Starkie on Slander, 272-3 ; 8 Johns. 59 ; 2 Greenl.
Ev. § 414 ; *Miller* v. *Miller*, 8 Johns. 74 ; *Whiting* v. *Smith*,
13 Pick. 364 ; *Maitland* v. *Goldney*, 2 East. 426.

WALTON J. This is an action of slander. The declaration
contains four counts ; one special count and three general counts.

The words set out in the special count are these : " *You are
a damned whore and I can prove it ; and you burnt your
buildings.*"

The three general counts aver, *first*, that the defendant accused
the plaintiff of having committed the crime of adultery ; *second*,
with having committed the crime of arson ; and *third*, that she
was guilty of setting buildings on fire for the purpose of obtain-
ing the insurance upon them. And the plaintiff adds that under
the general counts charging accusation of arson, or of burning
buildings with the design of procuring insurance upon them, she
will rely upon the specific charges alleged in the first special count ;
and that the general counts are relied upon to guard against any
variance in the exact language, as alleged in the special count,
and not for any other or distinct charge.

The case is before the law court on exceptions ; and the
exceptions state that " after the evidence was out, the court ruled
that the action could not be maintained upon any of the counts
relating to the charge of burning the buildings, and withdrew all
that part of the case from the consideration of the jury ;" and it
is to this ruling that the exceptions relate.

A careful examination of the declaration and of the evidence
offered in support of it, fails to satisfy us that this ruling was
erroneous.

I. The evidence does not support the special count. It is
there alleged that the defendant said " and you burnt *your* build-

ings." No witness testifies that the word " your " was used by the defendant in any conversation relating to the burning. And this is an important word, as it relates to and fixes the ownership of the buildings which it is claimed the defendant accused the plaintiff of burning. The plaintiff testified that the defendant said " you set *those* buildings on fire." And again, " he said that I burned *the* buildings." And again, " he said you burned *them* buildings." Such is the testimony of the plaintiff. And her husband, in testifying to the same conversation, invariably used the words " the buildings." He says that the defendant accused his wife of burning " *the* buildings." Here is a variance between the allegation and the proof. And it is an important one ; for the defendant testified that he owned the buildings referred to at the time they were burned, and no one contradicts him ; and whether he accused the plaintiff of burning her own or his buildings was important, for it materially qualified the character of the charge. And it is a familiar rule of law, too familiar to require the citation of authorities in support of it, that in actions for verbal slander, " the words must be proved strictly as alleged." It is clear, therefore, that, in this particular, the special count was not supported by the proof.

II. Did the evidence support the general count in which it was alleged that the defendant accused the plaintiff of arson. Clearly not. To constitute arson the building burned must be the dwelling-house of another, not the dwelling-house of the one setting the fire. Now, the proof in this case is that, while it is true, as already stated, that the defendant was the owner of the buildings burned, they were occupied by the plaintiff. The house burned, therefore, was her dwelling-house, not the dwelling-house of another. And an accusation that she had burned such a building, if such an accusation was in fact made, would not support an allegation that the defendant had accused her of arson. It is clear, therefore, that the evidence did not support this count.

III. Did the evidence support the count in which it was alleged that the defendant accused the plaintiff of setting the buildings

on fire for the purpose of obtaining the insurance upon them. Certainly not. There is no evidence that the buildings burned had any insurance upon them; or that the plaintiff or her husband had an insurable interest in them; or that any insurance was ever received or claimed by either of them. There is evidence tending to show that the defendant accused the plaintiff of obtaining some insurance on the hay in the barn at the time of the fire, to which she was not justly entitled; but not a scintilla of evidence that he accused her of setting the buildings on fire for the purpose of obtaining the insurance upon them. The charge made may have been as offensive to the plaintiff, and as injurious to her, as the one set out in the declaration. But the two charges are not alike; and proof of the one cannot be regarded as proof of the other.

We therefore repeat that, a careful examination of the plaintiff's declaration, and the evidence offered in support of it, fails to satisfy us that the ruling of the presiding judge that the action could not be maintained upon any of the counts relating to the burning of the buildings, was erroneous. We think it was correct.

Upon the other branch of the case — we refer to the allegations that the defendant accused the plaintiff with a want of chastity — the plaintiff recovered a verdict for nominal damages; and she asks for a new trial upon the ground that the damages are inadequate. So far as appears there were but four persons present at the time when it is claimed that the defendant made this charge,— the plaintiff and her husband, and the defendant and his mother; and the defendant's mother was also the mother of the plaintiff's husband; so that in a certain sense they were all members of one family. It appears that the two brothers were quarrelling about something; what, does not appear; that the defendant had the plaintiff's husband by the throat or collar; that the plaintiff, to make him let go, pricked his hand with a needle; that the defendant then, as she says, struck her, and called her a damned whore. The defendant denies that he struck her, and denies that he called her a whore. The mother testifies that the plaintiff called the defendant a nasty, lying little puppy;

and that the defendant called the plaintiff a nasty slut; but she says the defendant did not call the plaintiff a whore in her hearing. Under these circumstances, can it be wise to allow these parties to litigate this matter further? We think not. They have had their day in court. They have had their case once tried, and probably as fairly tried as it would be if another trial should be had. The plaintiff has recovered a verdict for nominal damages, thus vindicating her character for chastity, if she has not obtained as much money as she desired; and we find no error in the rulings of the presiding judge. We think they must abide by the result.

*Motion and exceptions overruled.*

APPLETON, C. J., BARROWS, DANFORTH and PETERS, JJ., concurred.