PHILIP F. CHAPMAN *vs.* GUY P. GANNETT.

PHILIP F. CHAPMAN *vs.* PORTLAND MAINE PUBLISHING COMPANY.

Cumberland.      Opinion, March 15, 1934.

*Ralph O. Brewster*, for plaintiff.
*Jacob H. Berman*,
*Edward J. Berman*, for defendant.

Sitting: Pattangall, C. J., Dunn, Sturgis, Barnes, Thaxter, JJ.

Barnes, J. Both actions herein are of libel, alleged on one publication, tried and heard by this court at the same sessions. One opinion will suffice for both.

Publication was in the Portland Press Herald on May 4, 1933, when an editorial appeared under the title "Plans for Reopening Closed Banks."

In his declaration plaintiff inserted from the editorial this extract: "With reference to the so-called 'Casco Plan' which was advocated chiefly by Philip F. Chapman, former president of the closed banks," and claimed that by its publication he was damaged.

To the declaration a general demurrer was duly filed, and it was argued that the declaration set out no cause of action because the entire editorial was not published.

The effective result of the hearing on demurrer was that the same was sustained, the declaration adjudged bad and plaintiff granted leave to amend.

In due time there was filed an amended declaration setting forth the entire editorial. In other respects the amended declaration was identical with that originally filed. The court allowed the amendment, and defendant excepted.

Defendant further filed a general demurrer to plaintiff's amended declaration, and when this demurrer was overruled, noted exceptions.

Consideration of defendant's exceptions to the overruling of the demurrer to the amended declaration will dispose of the case.

If the amendment offered and allowed is in itself demurrable its allowance was improper. *Garmong* v. *Henderson*, 112 Me., 383, 92 A., 322; *Gilbert* v. *Dodge*, 130 Me., 417, 156 A., 891.

The declaration, both in its original form and as amended, makes clear what all intelligent readers may be held to know, that for three days, about the 4th of March, 1933, all banks in the state, of the class of banks in which plaintiff had been active, as the declaration states, were closed.

They were closed by order of government, the weak with the strong.

Plaintiff deemed the original declaration libelous because of the words already quoted, and the only words in the amended declaration urged as libelous are the same, namely: "With reference to the so-called 'Casco Plan,' which was advocated chiefly by Philip F. Chapman, former president of the closed banks."

The rule of construction in libel is acceptably stated as follows: "In determining whether a given publication is libelous, the language thereof must be taken in its ordinary significance and must be construed in the light of what might reasonably have been understood therefrom by the persons who read it. The question is how would persons of ordinary intelligence understand the language. The published article alone must be construed, stripped of innuendo, insinuation, colloquium, and explanatory circumstances. In interpreting the language, it is not a question of the intent of the speaker, or author, or even of the understanding of the plaintiff, but of the understanding of those to whom the words are addressed and of the natural and probable effect of the words upon them. A person is presumed to intend the natural consequences of his acts and defamation consists solely in the effect produced upon the minds of third parties. If the language is plain and free from ambiguity, it is solely a question for the Court whether it is actionable." Cooley on Torts, 4th Ed., 503, Section 146; *Thompson* v. *Sun Co.*, 91 Me., 203, 39 A., 556; *Bradburg* v. *Segal*, 121 Me., 146, 116 A., 65; *Emery* v. *Prescott*, 54 Me., 269; *Patterson* v. *Wilkinson*, 55 Me., 42.

The words to which the Justice could look were: "Philip F. Chapman, former president of the closed banks." Properly construed, the language complained of is not libelous.

The characterization of plaintiff is not false. It is not claimed by plaintiff that the alleged libelous characterization holds him forth to have been president of all the banks of Portland, closed when the same was published.

It is not false, for the declaration sets out that from 1917 until 1929 plaintiff was president of The Chapman National Bank, a bank most assuredly "closed," since May 1, 1929, when it ceased to do business as a National Bank and "was reorganized as a state banking and trust company," as the declaration recites.

It is probable there can be found no court ruling that an aver-ment is scandalous, slanderous or defamatory which holds a man up only as having been president of a closed bank.

Despite the fact that some presidents of banks, closed when the Casco National Bank was closed have, upon examination, revealed conditions that were, to say the very least, irregular, yet we hold that to the reader of ordinary intelligence "former president of the closed banks," as admittedly published in May of 1933, is not an expression of reproach and slander. The colloquium presents the plaintiff as of highest standing and the words charged as libelous are not of that character. The amendment is demurrable, hence the declaration is bad and the entry will be:

*Exceptions sustained.*