## Towles v. Travelers Ins. Co. et al.

March 1, 1940.

K. S. Alcorn, Judge.

Jay W. Harlan and E. C. Newlin for appellant.

Nelson D. Rodes for appellees.

OPINION OF THE COURT BY JUDGE TILFORD—Affirming.

Prior to June 27, 1938, the appellant had conducted

a general insurance agency in Danville, Kentucky, and among the companies represented by him were the Travelers Insurance Company, the Travelers Indemnity Company, and the Travelers Fire Insurance Company. Each of these companies had reserved the right to terminate, upon notice, the agency contracts under which appellant operated; and in June, 1938, the exact date not being shown, exercised this right. Immediately thereafter, according to the allegations of the petition, the appellee companies, acting through the appellee, Curry, their district agent and cashier, mailed to each of their policy holders whose insurance had been written by appellant as agent, the following form letter:

"The Travelers

"The Travelers Insurance Company

"The Travelers Indemnity Company

"The Travelers Fire Insurance Company

"L. Edmund Zacher, President

"Hartford, Connecticut

"W. N. Curry                    Phone JA 4121

"Cashier

"Branch Office

"Starks Building

"Louisville, Ky.

"June 27, 1938.

"_____

"_____

"Dear————:

"Re: Policy No. ......

"This is to advise you that the J. C. Towles Insurance Company, our agency in Danville, Kentucky has been suspended and the contracts between that agency and the Travelers are being terminated. Therefore any future payments due The Travelers must be paid direct to the Travelers Insurance Company, 1252 Starks Building, Louisville, Kentucky. Checks or drafts for premiums should be made payable to The Travelers Insurance Company in accordance with the above.

"If there is any need in your insurance for a change or any service you desire in connection with

the coverage afforded under the policy, we shall be glad to handle it if you will kindly inform us.

"Very truly yours,

"W. N. Curry,

"Cashier"

Conceding the right of the appellee companies to *terminate* the agency contracts, and that they had been terminated because appellant had become indebted to them, appellant contends and so alleges in his petition praying judgment for $15,000 damages, that appellees had no right, power, or authority to *suspend* his insurance agency, since that power was vested solely in the Insurance Department of the State, which had not exercised it, and that the statements contained in the letter were libelous per se and maliciously made for the purpose of destroying his business. The Court sustained demurrers to the petition, and upon appellant declining to plead further, dismissed it. Hence this appeal.

Since special damages are not alleged, it is at once apparent that the determination of the question whether the petition states a cause of action must depend upon whether the statement that the J. S. Towles Insurance Agency had been suspended is libelous per se, and this, in turn, depends upon whether the words taken in their natural meaning and in the sense in which they would be understood by those to whom addressed, presumably tend to disgrace or degrade appellant, or to hold him up to public hatred, contempt, or ridicule, or to cause him to be shunned or avoided, or to directly prejudice or injure him in his business by imputing to him a want of fitness for engaging therein. Shields v. Booles et al., 238 Ky. 673, 38 S. W. (2d) 677; Ruling Case Law, Vol. 17, Section 34. But in determining whether a writing or publication is libelous per se, it must "be stripped of all innuendo, colloquium, and explanatory circumstances." The inducement and colloquium are to be considered as they relate to the substance and not to the application of the charge, and a libel depending upon an innuendo is actionable only for such special damages as were directly and proximately caused by it. Sweeney & Co. v. Brown et al., 249 Ky. 116, 60 S. W. (2d) 381. The word "suspend" has thus been defined by the Courts:

" 'Suspended' is defined as 'temporarily inactive or inoperative; held in abeyance.' " Wisener v. Durrell, 28 Okl. 546, 118 P. 999, 1001, 34 L. R. A., N. S. 755, Ann. Cas. 1912D, 356.

" 'Suspend' is * * * 'To cause to cease for a time; to hinder from proceeding; to interrupt; to delay; to stay.' " Taylor v. State, 49 Fla. 69, 38 So. 380, 389.

"To 'suspend' * * * means to remove, either temporarily or permanently, from employment." Markey v. Schunk, 152 Iowa 508, 132 N. W. 883, 885.

"The dictionaries say that to 'suspend' is to cause to cease for a while." Robinson v. Kistler, 62 W. Va. 489, 59 S. E. 505, 507.

The foregoing definitions are quoted in the brief of appellant's counsel, but we are unable to agree that by applying them to the phraseology of the letter in question, it is apparent that appellees were attempting to convey to the public that appellant had been temporarily or permanently barred from his insurance business as agent for other companies. Nor can we agree that the language of the letter would convey to the recipients the impression that appellant had been barred by some constituted authority of the State from further carrying on the business of an insurance agency because of wrongful conduct or lack of integrity, or otherwise. On the contrary, we are of the opinion that the letter conveys the impression, notwithstanding the inaccuracy of the language employed, that the authority of appellant's agency to transact business for the appellee companies had been abrogated pending a final termination of the contracts between the appellant and the companies. True, one might draw the inference from the language used, that appellant had been suspended by a constituted authority for improper conduct from further conducting an insurance agency, but we cannot presume as a matter of law that such inference would be drawn. Hence we are compelled to hold that the words complained of were not libelous per se, from which it follows that the petition did not state a cause of action. Shields v. Booles, supra.

Judgment affirmed.