Richard L. PICARD

v.

Frank J. BRENNAN et al.

Supreme Judicial Court of Maine.

July 19, 1973.

Skelton, Taintor & Abbott by Charles H. Abbott, Lendall L. Smith, Lewiston, for plaintiff.

Daniel G. Lilley, Portland, Platz & Day by John A. Platz, Lewiston, for defendants.

Before DUFRESNE, C. J., and WEBBER, WEATHERBEE, WERNICK and ARCHIBALD, JJ.

WEBBER, Justice.

An action for slander was heard by a Justice of the Superior Court, jury waived, and judgment for five hundred dollars was awarded to the plaintiff as against the defendant Brennan. We sustain Brennan's appeal.

By his amended complaint the plaintiff charged that defendant Brennan made statements "in substance as follows:

(a) That Plaintiff had been guilty of short-weighting customers on several occasions.

(b) That Plaintiff did not leave the employ of Wilson & Co., Inc. voluntarily but rather was fired by Defendant Wilson & Co., Inc. because he had cheated customers of Defendant Wilson & Co., Inc." [1]

The plaintiff had formerly been employed by Wilson & Co., Inc. as a meat manager and as such was responsible for the cutting and weighing of meat. At the time the alleged statements were made, the plaintiff had left that employment and was engaged in the meat business on his own account in competition with Wilson. The defendant Brennan was a salesman employed by Wilson. Brennan made statements, the exact wording of which is disputed, to the owner and to an employee of a business concern which had formerly purchased meat exclusively from Wilson but which, because of some dissatisfaction with Wilson's service, had begun to purchase meat from the plaintiff.

The evidence with respect to precisely what was said was in sharp conflict and the credibility of key witnesses was vigorously attacked. The Justice below was thus afforded considerable latitude in determining what portions of the testimony reflected the true facts. This becomes important when we take note of the facts actually found and those facts which, though alleged, were not found. The findings of fact are fully supported by the evidence and are not clearly erroneous. The result we reach stems from an application of the controlling principles of law to those findings.

■ The Justice below found specifically that defendant Brennan did use language in substance indicating that the plaintiff, while employed by the former Defendant Wilson & Company, Inc., as meat manager, was "careless in the weighing of meats in several instances," and that "the plaintiff had been dismissed from his

former employ rather than voluntarily resigning, as the plaintiff had inferred to his customer." He further found that the statement with respect to the careless weighing of meats was *true* "and so as to this aspect of the case no liability attaches to the defendant." It was not disputed that the plaintiff resigned and was not dismissed from his employment by Wilson & Co., Inc. so the statement with respect to dismissal was *false*. We deem it significant that the factfinder was apparently *not* satisfied and therefore *failed* to find that the statement related the dismissal to the cheating of customers as alleged in the complaint, or even to the careless weighing of meats. Since, as. we have noted, the evidence on this point was conflicting, the findings of fact may not be disturbed. Finally, the Justice below concluded that the words used were slanderous per se and in the absence of any proven special damages awarded only those damages which in his judgment were presumed to flow from the use of words which are slanderous per se, in this case five hundred dollars.

As early as 1850 in Barnes v. Trundy, 31 Me. 321 this Court held that words falsely spoken are slanderous per se if they (a) charge a punishable offense, (b) impute a disgraceful disease or (c) relate to a profession, occupation or official station in which the plaintiff was employed. The rule expressed in (c) has been applied in a number of cases. Orr v. Skofield (1869) 56 Me. 483 (charging shipmaster with dishonesty); Pattangall v. Mooers (1915) 113 Me. 412, 94 A. 561 (attack on professional integrity of an attorney); Boulet v. Beals (1962) 158 Me. 53, 177 A.2d 665 (charging motel proprietor with unethical and dishonest practices); and Farrell v. Kramer (1963) 159 Me. 387, 193 A.2d 560 (charging that registered nurse was unfit for the care of patients).

■ Having in mind that proof of the truth of statements alleged to be slander-

---

1. At the close of the evidence judgment was awarded in favor of defendant Wilson &

Co., Inc. which has no further interest in this case.

ous is always a defense, and that the defendant is therefore entitled to know precisely what statement is attributed to him, we have always required that "the words must be proved strictly as alleged." Estes v. Estes (1883) 75 Me. 478. This requirement was relaxed only slightly in Kimball v. Page (1902) 96 Me. 487, 52 A. 1010 in which our Court held that material words, those essential to the charge made, must be proved as alleged, but that some latitude may be allowed with respect to unimportant, connecting or descriptive words. In the instant case it is apparent that the evidence failed to persuade the factfinder that the defendant uttered the "material words" contained in the statement attributed to him by the complaint, "that Plaintiff did not leave the employ of Wilson & Co., Inc. voluntarily but rather was fired by Defendant Wilson & Co., Inc. *because he had cheated customers* of Defendant Wilson & Co., Inc." (Emphasis ours)

We are left with the only statement determined by the factfinder to be false being that "the plainitiff had been dismissed from his former employ rather than voluntarily resigning." The issue becomes whether or not a false charge that an employee was "dismissed" or "fired" from his employment, without more, is defamatory. We answer in the negative.

■ We start with the basic rule of construction set forth in Chapman v. Gannett (1934) 132 Me. 389, 391, 171 A. 397, 398, as follows:

" 'In determining whether a given publication is libelous, the language thereof must be taken in its ordinary significance and must be construed in the light of what might reasonably have been understood therefrom by the persons who read it. The question is how would persons of ordinary intelligence understand the language. The published article alone must be construed, stripped of innuendo, insinuation, colloquium, and explanatory circumstances. In interpreting the language, it is not a question of the intent of the speaker, or author, or even of the understanding of the plaintiff, but of the understanding of those to whom the words are addressed and of the natural and probable effect of the words upon them. A person is presumed to intend the natural consequences of his acts and defamation consists solely in the effect produced upon the minds of third parties. If the language is plain and free from ambiguity, it is solely a question for the Court whether it is actionable.' Cooley on Torts, 4th Ed., 503, Section 146."

■ Thus tested, a false charge that an employee was discharged is not slanderous per se. An employee may be discharged for any one of a multitude of reasons unrelated to his honesty, integrity or occupational skill, or indeed for no reason at all. Many examples come readily to mind. Discharge may stem from financial difficulties of the employer, from lack of work or from a clash of personalities between employer and employee. We deem it significant that many cases are to be found dealing with statements involving a discharge of an employee *for reasons shown to be false*—but almost no cases dealing with statements involving discharge *without more*. This suggests a general recognition that it is the reason for discharge rather than the discharge alone which can render the statement slanderous per se.

We find somewhat analogous the factual situation in Towles v. Travelers Ins. Co. (1940) 282 Ky. 147, 137 S.W.2d 1110. There the defendant published by letter that plaintiff, which had acted as a selling agency for defendant, "has been suspended." The Court held the publication not to be libelous per se since it did not convey the impression that plaintiff had been barred by State authority from doing business because of some wrongful conduct or lack of integrity. The Court noted that although such an inference *should* be drawn, the Court could not presume as a matter of law that it *would* be drawn.

In Fairbanks Publishing Co. v. Pitka (1962—Alaska) 376 P.2d 190, 195 the Court held that words alleging the discharge of a teacher, without more, were not libelous per se. "It was simply a statement that she had been fired. This is not defamatory as a matter of law. The right to hire implies the right to fire, and therefore a statement that the latter right has been exercised by one's employer does not necessarily have a tendency to injure or discredit the employee who has been discharged."

And finally in Nichols v. Item Publishers (1956) 309 N.Y. 596, 132 N.E.2d 860, 862 the Court of Appeals held that where defendant stated falsely that a minister had been removed from his pastorate but without suggesting any reasons for the alleged removal, the words were not libelous per se. The Court said, "The mere fact of one's removal from office carries no imputation of dishonesty or lack of professional capacity. * * * It is only when the publication contains an insinuation that the dismissal was for some misconduct that it becomes defamatory. * * * The rule is no different for a clergyman, exalted and sensitive though his post may be. A charge against him to be actionable, must still 'be such as, if true, would tend to prove him unfit to continue his calling,' * * *."

■■■ Even if it could be argued that the findings in this case should be read together,[2] we would still be faced with an unusual factual situation. In effect, the statement attributed to the defendant would then be "that plaintiff had been dismissed from his former employ (false) *because* he was careless in the weighing of meats in several instances (true)." As already noted, the slanderous sting lies in the reason charged for dismissal and not in the mere fact of discharge. It follows logically that if, as in this case, the defendant is able to demonstrate the truth of that portion of the statement which alone makes it defamatory, he should be deemed to have supplied an adequate defense to the statement taken as a whole. Thus the combined statements, even if they could be viewed in combination as a single entity, would not be actionable.

Clearly, the result would have been otherwise if the Justice below had found either (a) that the statement with regard to "careless weighing" was false, or (b) that the defendant had falsely charged that plaintiff had been dismissed for cheating his employer's customers as alleged in the complaint.

We conclude that the application of controlling principles of law to the facts as found below will not permit the judgment to stand. The entry will be

Appeal sustained.

New trial ordered.

POMEROY, J., did not sit.

All Justices concurring.

---

2. These findings were carefully drawn in such manner as to separate completely the element of "careless weighing" from the element of "discharge." In view of the sharply conflicting testimony it would not be appropriate for this Court to change and in effect enlarge the finding below as to the statement actually made by the defendant.