STATE OF MAINE

KENNEBEC, ss.

RECEIVED AND FILED SUPERIOR COURT
KENNEBEC SUPERIOR COURT CIVIL ACTION
DOCKET NO. CV-99-106
2004 JAN 29 A 8: 02

GLENN A. BAXTER,

    Plaintiff

v.

**ORDER**

RALPH E. MYRA, JR.,

    Defendant

FEB 5 2004

## I.    Introduction.

Pending before this court are five motions which were heard on August 27, 2003. They are: defendant's Motion for Dismissal, filed on March 28, 2003; plaintiff's Motion to Modify Order, filed on April 14, 2003; defendant's Motion for Dismissal with Modifications ..., filed on April 28, 2003; defendant's Motion to Dismiss and Quash, filed on May 15, 2003; and plaintiff's Motion to Inspect and Copy Confidential Documents filed by Defendant Myra, filed on May 30, 2003. After oral argument on these motions, the plaintiff, on September 5, 2003, filed a sixth motion, entitled Motion for Defendant Myra to be held in Contempt of Court for Myra and Atwood to be Prosecuted for Criminal Obstruction of Justice.

This order disposes of all these motions, even though no argument was heard on the last cited motion.

## II.    Defendant's Motion for Dismissal, filed March 28, 2003.

By this motion, the defendant asks that this case be dismissed for insufficiency of process, just as it was for the other two defendants, Charles D. O'Neal, III, and Robert C. Prewitt. *See* Order of October 5, 1999 (Hjelm, J.). By this the court understands that

the defendant is arguing that he was not served with the complaint and summons in a timely way.

By the express terms of M.R. Civ. P. 3, when an action is commenced by the filing of a complaint, "the return of service shall be filed with the court within 90 days after the filing of the complaint." *Id.* "If the . . . return of service is not timely filed, the action may be dismissed on motion and notice . . ." *Id.*

Here, the complaint against the three defendants was filed on May 13, 1999. Service on the movant was not accomplished until July 10, 2001, nearly two years after the deadline set by Rule 3 had expired. Moreover, the plaintiff took no steps to extend the period for filing the return of service which our civil rules would have permitted. Finally, rather than acknowledge what the record demonstrates, the plaintiff's reply represents that it is untrue that the defendant was not timely served and that he has been served four times in this case.

In the court's view, the plaintiff's response would not suffice as a basis for the court to exercise its discretion, as permitted by Rule 3, to allow this case to continue. The unexcused, unexplained late date for the return of service justifies favorable action on the motion and the case will be dismissed as it was for the other two defendants.

III. Plaintiff's Motion to Modify Order, filed April 14, 2003.

Although this case will not survive this order, action on this motion is appropriate to clarify and correct the order cited in the motion. This order, dated April 9, 2003 (Atwood, J.), observed, ". . . Mr. Murdock has no official appointment from the court to act as a 'special process server.'" This was incorrect. This court, in an order dated October 18, 1999 (Hjelm, J.) appointed Christopher Murdock to serve the summons and complaint on defendant Ralph E. Myra, Jr. That he never did so is of no

consequence. This motion will be granted and the text cited is to be stricken from the April 9, 2003 order.

## IV.   Defendant's Motion for Dismissal with Modifications . . ., filed on April 28, 2003.

This motion repeats the same bases for dismissal as cited in the motion of March 28, 2003, but adds a few more. Importantly, the motion again relies on insufficiency of process as a reason why the case ought to be dismissed. As noted, this claim has already been once presented to this court and may not be resubmitted along with other bases to dismiss. M.R. Civ. P. 12(h).[1] Accordingly, the motion will be denied.

In his response to this motion the plaintiff asks the court to refer this matter to the District Attorney "for criminal prosecution of written perjury." The court will decline to do so. If the plaintiff believes the defendant's sworn statement which concerns the text of this motion is untrue, he may seek assistance from the District Attorney without judicial support.

## V.   Defendant's Motion to Dismiss and Quash . . ., filed on May 15, 2003.

This 11-page motion and its attached exhibits again offers a variety of factual claims on which the defendant relies in another effort to have this case dismissed. Only one of these contentions has merit, namely the argument that the case ought to be dismissed because it fails to state a claim upon which relief may be granted. M.R. Civ. P. 12(b)(6).

More specifically, the defendant asserts that the complaint, which relies on a claim of defamation, fails to precisely allege the elements of that tort which Maine law

---

[1] The defendant also expressed his claim that the case ought to be dismissed for insufficiency of process in a document filed on April 9, 2003, entitled, "Answers to Subpoena for Hearing on Motion for Contempt and Motion to Show Cause," at paragraphs 2i, 3.

requires in a pleading of this nature. According to *Lester v. Powers*, 596 A.2d 65, 69 (Me. 1991), the elements of defamation are:

> (a) a false and defamatory statement concerning another;
> (b) an unprivileged publication to a third party;
> (c) fault amounting at least to negligence on the part of the publisher; and
> (d) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication.

As the defendant has argued, a complaint for defamation must allege all four of these elements. *Vahlsing v. Christina Corp. v. Stanley*, 487 A.2d 264, 267 (Me. 1985). In addition, if the defamation amounts to slander per se, as may be the case here,[2] the offending words must be specifically alleged, else the defendant will not have the opportunity to assert truth as a defense. *Picard v. Brennan*, 307 A.2d 833, 834-835 (Me. 1973). Either way, the complaint fails these tests. First, it does not allege that the statements about him were unprivileged – an important allegation in a case where a defendant's liability is premised on the assertion that he publishes a newsletter "throughout the world." Complaint, Count III.

The complaint also fails to allege that the statement was "actionable," that is that the plaintiff was damaged by the defendant's actions in distributing the alleged defamations made by another defendant, or that such defamations themselves caused him harm. This is important because, if the plaintiff's complaint does not rely on defamation per se, it must allege special damages as M.R. Civ. P. 9(g) would require.

---

[2] The plaintiff's response to defendant O'Neal's motion to dismiss suggests that the defamation of which he complains is, in part, actionable per se because it alleges criminal conduct and that plaintiff suffers from a "loathsome disease." RESTATEMENT (SECOND) OF TORTS, §§ 507 *et seq. See* Reply Memorandum in Support of Objection to Defendant O'Neal's Motion for Dismissal . . ., filed August 16, 1999. This response also alleges a defamation that would not ordinarily be characterized as per se actionable, namely that the plaintiff "was never employed by the Collins Radio Company." *Id.* The plaintiff has never attempted to articulate these claims in his complaint if, indeed, these are the grievances on which he relies in this case.

From all this, it appears that the complaint suffers from a variety of defects which deprives the defendant of the right recognized in Maine law and in our civil rules to know the nature of the defamatory allegations against him and, therefore, the basis for any liability and damages which the plaintiff may wish to assign to him.

The plaintiff responds to this motion by requesting leave to amend his complaint because, as he acknowledged at oral argument, his complaint is defective.

The court will decline this request for the reasons which follow. First, but of least importance, the plaintiff has filed no motion to amend with a copy of his proposed new complaint as current Maine practice suggests. More importantly, the scheduling order in this case provided that motions to amend pleadings "may not be filed later than 4 months from the date of this order." Order of August 23, 1999 (Studstrup, J.). As that time period expired on December 23, 1999, the current request to amend is approximately three and a half years late.

Finally, and most importantly, the plaintiff had notice of the deficiencies in his complaint in July of 1999 when defendant O'Neal moved to dismiss this complaint against him for the same reasons now promoted by defendant Myra, namely that the complaint failed to adequately allege the elements of defamation. *See* Defendant O'Neal's Motion for Dismissal . . ., filed July 14, 1999.[3] This motion properly recited Maine law as to the necessity of a properly constructed pleading in a defamation case. This gave the plaintiff an adequate warning and opportunity to amend and correct his complaint before the time limit to do so had expired.

So, while, it is true that leave to amend "shall be freely given," M.R. Civ. P. 15(a), where the deficiencies in this effort are so patent, the plaintiff's quest to resurrect his

---

[3] Defendant Prewitt filed a similar motion on August 23, 1999.

pleading is simply "too little, too late," and justice requires that his request be denied and the case be dismissed for the reasons here explained.

Because this motion is to be granted, there is no need to address the defendant's request to quash the deposition notice.

VI. **Plaintiff's Motion to Inspect and Copy Confidential Documents Filed by Defendant Myra, filed May 30, 2003.**

By this motion, the plaintiff seeks to inspect and copy "confidential" documents which the defendant filed with the clerk. The clerk appropriately sealed these in an envelope and, to the court's knowledge, no one in this court has rviewed them before or since.

Generally, confidential ex parte, submissions are rarely authorized or called for in civil practice. The court knows of no reason why these documents might be an exception, and the defendant has offered no such reason. Accordingly, the better practice would have been for the clerk or the court to return the documents to the defendant as unauthorized filings. However, because there is the potential of an appeal of this order, the court believes it prudent to retain this sealed envelope in the file should our Law Court decide that its contents be released to the plaintiff. In the interim, however, this motion will be denied, and the documents will remain sealed.

VII. **Plaintiff's Motion for Defendant Myra to be Held in Contempt and for Myra and Atwood to be Prosecuted for Criminal Obstruction of Justice, filed September 5, 2003.**

Because this case is to be dismissed, any request for discovery sanctions or the alleged refusal of another party to obey a court order as to discovery is mooted. Moreover, if the plaintiff wishes to have defendant Myra held in contempt, he must adhere to the requirements of M.R. Civ. P. 66 which he has failed to follow.

Finally, as before, the plaintiff need not obtain the court's approval or other action to pursue a criminal complaint against this judicial officer or defendant Myra. He may do this himself.

The motion is to be denied.

## VIII. Conclusion.

The clerk is directed to make the following entries:

(1)    Defendant's Motion for Dismissal, filed March 28, 2003, is GRANTED. The complaint is DISMISSED.

(2)    Plaintiff's Motion to Modify Order, filed April 14, 2003, is GRANTED. Order dated April 9, 2003, is MODIFIED as prayed for.

(3)    Defendant's Motion for Dismissal with Modifications . . ., filed on April 28, 2003, is DENIED.

(4)    Defendant's Motion to Dismiss and Quash . . ., filed on May 15, 2003, is GRANTED in part and DENIED in part. The complaint is DISMISSED. Motion to Quash is DENIED as moot.

(5)    Plaintiff's Motion to Inspect and Copy Confidential Documents Filed by Defendant Myra, filed on May 30, 2003, is DENIED.

(6)    Plaintiff's Motion for Defendant Myra to be held in Contempt and for Myra and Atwood to be Prosecuted for Criminal Obstruction of Justice, filed September 5, 2003, is DENIED.

So ordered.

Dated: January 28, 2004

John R. Atwood
Justice, Superior Court

Date Filed  5/13/99  Kennebec  Docket No.  CV99-106
                          County

Action  Libel/Defamation

                    J. MARDEN RECUSED            **J. ATWOOD**
                                                  POB 5083
                                                  Augusta, Maine 04332

                                      Ralph E Myra,Jr.  ~~x75 xHammond xStreet xxx~~
                                      ~~Robert G Prewitt~~  ~~Bangox xx ME x0440l xxx~~
Glenn A Baxter                        ~~Charles D. O'Neal,III~~
                                vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Glenn A. Baxter<br>1 Long Point Rd<br>Belgrade Lakes Me  04918 | ~~J. Peter Thompson, Esq. (Robert Prewitt)~~<br>~~95 Park St., Suite 600 (7/13/99)~~<br>~~P.O. Box 960~~<br>~~Lewiston, Maine 04343-0960~~  ~~XKXXgXX XKXXXX XXKXX.~~ 227 Water St.<br>~~F. Jay Meyer, Esq. (O'Neal)~~  P.O. Box 1051<br>~~PO Box 447~~  Augusta, Me.<br>~~Portland Maine  04112~~  04332-1051 |

| Date of Entry | |
|---|---|
| 5/13/99 | Complaint filed.  s/Baxter,Pro Se<br>Case notice card mailed to Mr Baxter |
| 6/25/99 | Original Summonses with return service made upon Robert C. Prewitt and Charles<br>D. O'Neal, III on 6/24/99, filed. |
| 7/13/99 | Answer of Defendant Robert C. Prewitt, filed.  s/Thompson, Esq.<br>Certificate of Service, filed.  s/Thompson, Esq. |
| 7/14/99 | Affidavit of Charles O'Neal,III filed.<br>Defendant O'Neals motion for dismissal or to quash service and for a more<br>definite statement, with incorporated memorandum filed.  s/Meyer,Esq.<br>Request for hearing on motion filed.  s/Meyer,Esq.<br>Proposed order filed. |
| 7/27/99 | Objection to defendant O'Neal's motion for dismissal, or to quash service<br>and for a more definitive statement and plaintiffs motion for special<br>appointment as civil process server for Christopher L. Murdock retroactive<br>to 6/24/99 filed.  s/Baxter,Pro Se.<br>Affidavit of Christopher L. Murdock filed. |
| 8/4/99 | Reply memorandum in support of motion for dismissal or to quash service<br>and for a more definite statement, and opposition to motion for retroactive<br>appointment of process server filed.  s/Meyer,Esq. |
| 8/6/99 | Reply memorandum in support of objection to defendant O'Neals motion for<br>dismissal, or to quash service and for a more definitive statement and<br>plaintiffs motion for special appointment as civil process server for<br>Christopher L. Murdock retroactive to 6/24/99 filed.  s/Baxter,Pro Se |
| 8/11/99 | Defendant, Robert C Prewitts memorandum in opposition to "plaintiffs<br>motion for special appointment as civil process server for Christopher<br>L Murdock retroactive to 6/24/99" filed.  s/Thompson,Esq. |
| 8/23/99 | Defendant, Prewitt's Motion for Dismissal and Incorporated Memorandum of<br>Law, Rule 7(b) M.R.Civ.P., filed. s/Thompson, Esq.<br>Request for Hearing on Motion, filed. s/Thompson, Esq,.<br>Proposed Order, filed. |