STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, ss.                                   CIVIL ACTION
                                                  Docket No. CV-04-438



CHANTAL DOVE,

       Plaintiff,

    v.                                            ORDER

WALLIS GIRLS, INC., et al.,

       Defendants.

Before the court is defendant Jennifer Diventi's motion to amend her counterclaim to assert four derivative claims and one personal claim against plaintiff Chantal Dove.

This case is a textbook example of the pitfalls of having a corporation with two 50% shareholders. It has also occasioned an unusual number of requests for emergency relief, hearings, conferences, and discovery disputes. Indeed, the MEJIS docket sheet for this case is currently 17 pages long and growing.

Dove originally filed this action in July 2004 seeking the appointment of a receiver because of a deadlock between the two 50% shareholders. That motion was not opposed and the parties thereafter attempted to agree on the identity and role of a receiver. See Conference Record dated November 30, 2004.

A receivership order was finally entered on March 2, 2005. That order expressly provided that Dove was authorized to continue the operation of the business. In late June 2005, however, disputes again flared up and on July 15, 2005 Diventi filed a motion to remove Dove as the manager of the store while simultaneously seeking to prevent her from setting up a competing business. Dove eventually agreed to leave the

business, but the court declined Diventi's application to impose restrictions on Dove's ability to set up a business of her own. See order of July 29, 2005.

In the aftermath of Dove's departure, Diventi came to Portland and assisted the receiver in continuing the operation of the Wallis Girls store. By this point it was agreed that the store would be sold. Dove filed a motion seeking an immediate sale, which Diventi opposed, stating in an affidavit on September 1, 2005 that the situation at the store had stabilized, that the store was doing well, and that it should continue to operate while a buyer was found.

On December 5, 2005, Diventi filed a motion to amend her existing counterclaims to assert claims against Dove for damage done to the business. Although originally framed as claims on Diventi's own behalf, Diventi has since clarified that she is largely seeking to assert derivative claims as a shareholder on behalf of the corporation.

There have been various developments since the motion to amend was filed. The assets of Wallis Girls, Inc. have been sold, and receiver Stanley Gavitt has submitted his accounting, originally as of December 31, 2005 and thereafter supplemented through May 15, 2006. The company's accounts payable have been paid, with a few exceptions, and the parties reported at a conference on August 4, 2006 that the receiver is showing that the corporation currently has approximately $20,000 in cash. That amount is subject to the following potential deductions: (1) the receiver's fees and expenses after June 30, 2006, (2) a supplemental fee request of P.J. Perrino, Esq., with respect to activities conducted after the sale, and (3) a claim for $1,500 in salary by Diventi.

The remaining amount is subject to the following claims of the parties: (1) Diventi's claim that she is owed at least $17,700 from the corporation (per the receiver's calculations); (2) Diventi's claim that she is owed an additional amount if she is correct that the receiver's calculations are inaccurate in certain respects; and (3) Dove's claim

2

that, instead of owing the corporation $1,063 as the receiver's calculations show, she is actually owed approximately $1,000 by the corporation.

Even assuming that no additional amounts are owed by the corporation, therefore, it appears that after paying the receiver's fees, the corporation may fall short of having enough money to pay the amount that, according to the receiver's calculations, is owed to Diventi. It also is apparent that this corporation does not have a large amount of funds available to hire lawyers, investigate claims, or pay indemnification to officers and directors in the event any indemnification is owed under 13-C M.R.S. § 853 or under any broader indemnification provision that may be contained in the Articles of Incorporation. See 13-C M.R.S. § 202(2)(E).

Notwithstanding this state of affairs, counsel for Diventi advised the court at its August 4, 2006 conference that Diventi was still pursuing her motion to amend.

The specific causes of action that Diventi wants to amend her counterclaim to add are:

(1)     a derivative claim that Dove defamed the corporation after she relinquished her managerial or operational role in the corporation on July 22, 2005.[1] Proposed Amended Counterclaim ¶¶ 12-19;

(2)     a derivative claim that Dove interfered with the corporation's business relationships by enticing Wallis Girls employees to quit on or about July 22, 2005 and by interfering with the business relationships between Wallis Girls and its vendors. Proposed Amended Counterclaim ¶¶ 20-25;

(3)     another almost identical derivative claim that Dove interfered with the business relationships between Wallis Girls and its vendors after Dove left on July 22,

---

[1] See July 29, 2005 order.

2005. Proposed Amended Counterclaim ¶¶ 26-29;[2]

(4)     a derivative claim that after Dove withdrew from Wallis Girls on July 22, 2005, Dove breached her fiduciary relationship with Wallis Girls by using her knowledge of Wallis Girls' customers, employees, vendors and suppliers for her own benefit and to damage Wallis Girls. Proposed Amended Counterclaim ¶¶ 30-35;

(5)     a claim on behalf of Diventi personally that Dove had a confidential relationship with Diventi prior to December 1, 2003 and that Dove breached that relationship by freezing Diventi out of the business. Proposed Amended Counterclaim ¶¶ 36-40.

1.     Confidential Relationship Claim

With respect to the claim that Dove had a confidential relationship with Diventi prior to December 1, 2003, Diventi's motion to amend is granted. Both counsel stated at the August 4, 2006 conference that no further discovery is necessary as to that claim, and it therefore simply adds a new theory to go with the other claims against Dove that were asserted in Diventi's original counterclaim. Counsel for Dove did not suggest any prejudice that Dove would incur if this theory were added.

At the August 4, 2006 conference, however, counsel for Diventi appeared to suggest that Diventi is also seeking to assert a claim that a confidential relationship was breached after this lawsuit was filed. A review of Diventi's proposed amended counterclaim indicates that no such claim is contained in the pleading that Diventi has filed. Moreover, any such claim would be fundamentally inconsistent with the fact that

---

[2] The allegations in paragraphs 27-29 of Diventi's proposed amended counterclaim repeat the allegations in paragraphs 23-25 word for word except that paragraph 24 alleges that Wallis Girls was damaged "by reason of Dove's and her agents' false and defamatory statements" whereas paragraph 28 states "by reason of Dove's and her agents' actions."

4

in August of 2004, Diventi was represented by her current counsel and was asserting counterclaims against Dove for breach of fiduciary duty, equitable accounting, and interference with a business expectancy. See Defendants' Corrected Answer to Complaint, Counterclaim, and Third-Party Claim filed August 12, 2006. From that point on, no reasonable argument can be made that there was an actual placing of trust and confidence by Diventi such that Diventi let down all her guards and defenses. See Stewart v. Machias Savings Bank, 2000 ME 207 ¶¶ 10-12, 762 A.2d 44, 46-47.

2.    Derivative Claims

With respect to Diventi's derivative claims, there are a number of issues:

(1)    whether it is too late for Diventi to assert such claims;

(2)    whether Diventi has complied with the necessary procedural prerequisites to bring a derivative suit;

(3)    whether Diventi can fairly and adequately represent the interest of the corporation in enforcing the corporation's rights. See 13-C M.R.S. § 7522;

(4)    whether the proposed causes of action that Diventi seeks to assert state legally cognizable claims;

(5)    what procedure should be employed to determine whether pursuing these claims is in the corporation's best interest. See 13-C M.R.S. § 755(1);

(6)    whether Diventi's proposed derivative claims can be squared with the court's prior ruling that, once Dove relinquished any managerial or operational role in the corporation, Dove was free to start a new venture competing with Wallis Girls. See July 29, 2005 order.

5

3.    Lateness

Diventi's derivative claims all arise at or after July 22, 2005, when Dove relinquished any operational role in the corporation. Although the discovery deadline on this case expired last fall[3] and the original scheduling order set a January 1, 2005 deadline for amendments to the pleadings, the court concludes that Diventi's motion to amend should not be denied on lateness grounds where the alleged events that form the basis for the amendment did not occur until at or near the end of the discovery deadline and where, if the court denied the motion to amend, Diventi could simply bring a new action based on post-complaint events. Moreover, if the corporation has potential claims to assert, those claims should be considered prior to the final dissolution of the corporation.

4.    Procedural Prerequisites for Derivative Suit

The parties appeared to agree at the August 4, 2006 conference that Diventi had made a demand on the corporation that it bring suit against Dove; that the corporation, being deadlocked, did not act on that demand; and that more than 90 days have now passed since the demand was made. See 13-C M.R.S. § 753. In reviewing the file, however, the court only sees documentary evidence that Diventi made a demand on the corporation that it sue a third party named Jadeen Baier, that an annual meeting of the corporation was called by Diventi on December 22, 2005, and that at that meeting, Diventi's motion to commence suit against Jadeen Baier did not pass because Dove voted against the motion. See Exhibit B to Defendants' Reply to Plaintiff's Opposition

---

[3] By order dated July 8, 2005, the court extended the original discovery deadline to September 15, 2005. Diventi then moved to extend that deadline until the end of October. The court's recollection is that it informally granted that extension, at least in part, at a conference on September 9, 2005. The parties were directed to submit an order memorializing that extension but apparently never did so.

to Motion to Amend dated January 17, 2006. There is no comparable documentation of a demand by Diventi that the corporation sue Dove.

Whether or not Diventi ever made a formal demand that the corporation bring suit against Dove is not dispositive, however, because a receiver was appointed in this case on March 2, 2005. The parties disagree as to whether the existing receivership order, entered March 2, 2005 and later modified on July 29, 2005, authorizes the receiver to act on behalf of the corporation in responding to a shareholder demand. The parties do not disagree, however, that the shareholders are hopelessly deadlocked and any meaningful corporate action – both in considering a demand under 13-C M.R.S. § 753 and in determining whether proceeding with an action is in the best interests of the corporation, see 13-C M.R.S. § 755(1) – could only be taken by the receiver or by an independent party appointed by the court. Finally, if the court were to reject Diventi's motion to amend on the grounds that she should have directed her demand to the receiver, the court is not aware of any reason why she could not now make a demand on the receiver, which would only postpone rather than resolve the issues presented by this motion.

Accordingly, the court will amend its receivership order to clarify that the receiver does have authority to act in this area. However, the receiver has informed the court that if he were asked to determine these issues, he would seek to consult counsel. Under these circumstances, the receiver and the parties agreed at the August 4, 2006 conference that if Diventi is permitted to assert any derivative claims, the preferable procedure would be for the court to appoint an independent person to determine if proceeding with a derivative action is in the best interest of the corporation. See 13-C M.R.S. § 755(1).

5.    Legal Sufficiency of Diventi's Derivative Claims - Defamation

Diventi's claim that Dove slandered Wallis Girls, Inc., is based on her allegation

that Dove or her agents have

> made various and sundry negative and damaging
> statements concerning the status, condition and plans
> regarding Wallis Girls and its business activities, including
> that the store was closing down, that the store was being
> mismanaged, that customers should come to Dove's new
> store as it would be carrying all the important lines and
> vendors carried by Wallis Girls and other damaging and
> false statements.

Proposed Amended Counterclaim, ¶ 13.

In the context of defamation, it is not sufficient to allege that "various and

sundry" statements or damaging statements of an unspecified nature were made.  A

defendant is entitled to sufficient notice of the context and circumstances of allegedly

defamatory statements so as to be able to determine whether defenses such as truth and

privilege should be asserted.  See Lester v. Powers, 596 A.2d 65, 68 n.4 (Me. 1991);

Picard v. Brennan, 307 A.2d 833, 834-35 (Me. 1973).  Diventi will therefore be held to the

specific defamatory statements that she has alleged were made by Dove – that the store

was closing down, that it was being mismanaged, and that Dove's new store would be

carrying all the important lines and vendors carried by Wallis Girls.   At least for

purposes of a motion to amend, these allegations appear to state cognizable claims.[4]


6.    Interference with Business Relationship

Both Diventi's claim that Dove induced Wallis Girls employees to leave and the

claim that Dove interfered with the business relationship between Wallis Girls and its

---

[4] The court recognizes that some of these statements may be statements of opinion but whether such statements can nevertheless constitute defamation depends on their context.  See Restatement, Second, Torts § 566.

8

vendors and suppliers appear to renew claims that were already rejected by the court in its July 29, 2005 order. Diventi argued unsuccessfully at that time that from July 22 onward, Dove remained under a fiduciary relationship with Wallis Girls that precluded her from competing with Wallis Girls. The court disagreed for reasons stated in its July 29, 2005 order and sees no reason to change that ruling. To the extent, therefore, that Diventi is complaining that Dove engaged in competition with Wallis Girls, that she hired away Wallis Girls employees, or that she has sought to do business with Wallis Girls' vendors, the court sees no basis to allow Diventi to amend her complaint to assert claims that are not viable under the court's prior ruling.

To the extent that Diventi is seeking to allege that Dove went beyond competition to commit the tort of interference with contract or with an advantageous business relationship, the Law Court has repeatedly held that such interference is only tortious if accomplished "through fraud or intimidation." E.g., Barnes v. Zappia, 658 A.2d 1086, 1090 (Me. 1995). Paragraph 24 of the proposed amendment to Diventi's complaint alleges that Dove interfered with the business relationship of Wallis Girls through "false and defamatory statements." This, however, simply reiterates Diventi's defamation claims. No other form of fraud or intimidation has been alleged. Accordingly, Diventi will not be permitted to amend her counterclaim to assert a derivative claim for interference with a business relationship.

7.    Breach of Fiduciary Duty

Diventi's final proposed derivative claim is for breach of fiduciary duty – a claim which, as noted above, is directly contrary to the court's July 29, 2005 order. Although Diventi alleges that Dove has been competing against Wallis Girls using her knowledge of customers, employees, vendors and suppliers gained in her prior capacity as a

9

manager of Wallis Girls, Dove was not subject to any non-compete agreement or restrictive covenant on the use of information gained in her position at Wallis Girls. Moreover, Diventi has not alleged misappropriation of any information that would rise to the level of trade secrets. See Bernier v. Merrill Air Engineers, 2001 ME 17 ¶¶ 17-18, 26 770 A.2d 97, 103-04, 106. Accordingly, Divienti will not be permitted to assert her general fiduciary duty claim.

Two questions remain. The first is what procedure should be followed to determine whether the pursuit of Diventi's derivative claim for defamation is in the best interest of the corporation. The second is whether Diventi is able to fairly and adequately represent the interest of the corporation in pursuing that claim. For the reasons that follow, the court concludes that these two issues are interrelated.

8.     Fair and Adequate Representation/Best Interest of Corporation

The court has some concern as to whether Diventi, as a 50% shareholder locked in a dispute with the other 50% shareholder, can fairly and adequately represent the interest of the corporation. See 13-C M.R.S. § 752(2). Neither the statute nor any case law of which the court is aware contemplates a situation where one 50% shareholder brings a derivative action against another 50% shareholder. However, the court's major concern is whether bringing these claims is in the corporation's best interest as opposed to Diventi's own interest.[5]

The record before the court on the instant motion lends some support for the proposition that the basis for Diventi's defamation claim against Dove is fairly thin. Excerpts from Diventi's deposition indicate that, with respect to most if not all of the

---

[5] Dove argues, for instance, that the derivative claims are without merit and have only been brought to increase pressure on her and to force her to incur additional expense.

10

defamatory statements allegedly made by Dove, Diventi is relying on double or triple hearsay. See Diventi Dep. 163-69 (Exhibit A to Defendants' January 17, 2006 Reply to Plaintiff's Opposition to Motion to Amend). Diventi also testified at her deposition that although she believed that Dove had attempted to do damage to the corporation, she also believed that Dove had not in fact succeeded in doing any real damage to the corporation. Id. 162. Counsel for Diventi, however, correctly argues that this is not the appropriate stage of the case for the court to consider the merits of Diventi's defamation claim.

The Maine Business Corporation Act, moreover, provides a screening mechanism for derivative claims. Under the circumstances of this case, where the corporation is deadlocked, the receiver can request the court to appoint a panel of one or more independent persons to determine whether maintenance of a derivative claim is in the corporation's best interest. Based on the receiver's position at the August 4, 2006 hearing, it is the court's understanding that the receiver is requesting that the court make such an appointment. If independent judgment were exercised as to whether a derivative claim should be brought,[6] this would assuage the court's concerns. Moreover, if an independent panel were to allow the claim to proceed, the court sees no objection to allowing counsel for Diventi to prosecute such a claim since the corporation has almost no assets with which to pursue the claim on its own.

Finally, if Diventi pursues her claim and it is ultimately determined that the proceeding was either commenced or maintained without reasonable cause or for an

---

[6] Determining the corporation's best interest in a case where one 50% shareholder is seeking to assert a derivative claim against the other 50% shareholder is somewhat unusual. At a minimum, however, consideration should be given to whether there is a factual basis for the claim, the likelihood of success, the potential recovery if the claim is successful, and the cost to the corporation if the claim is pursued. In this case, the primary cost is likely to be the increased fees of the receiver because Mr. Gavitt's information and testimony are likely to be needed if such a claim is pursued. In general, a cost-benefit analysis of pursuing the litigation versus winding up the corporate affairs should be conducted.

11

improper purpose, the relevant statute provides that Dove may seek recovery from Diventi of Dove's attorney's fees in defending the proceeding. See 13-C M.R.S. § 757(2). If Diventi's claims are baseless, this provides more protection to Dove than a possible claim for indemnification against a corporation that may not have any assets.

9.    Other Issues

At the August 4, 2006 hearing, the parties agreed that the receiver's submissions of January 31, 2006 and May 23, 2006 constituted his final report and that counsel for Diventi would make a motion shortly to confirm that report with certain modifications. That motion was filed on August 14, 2006. The parties also agreed that a resolution of the respective shareholder accounts, either as recommended by the receiver or as modified, will satisfy Diventi's claim for an equitable accounting (Count II of her original counterclaim) but that a hearing will be necessary on that issue. Also remaining to be resolved are Counts I and VI of Diventi's original counterclaim. Count III of the counterclaim (Inspection) is now moot, and Count IV is subsumed within Diventi's request in Count II for an equitable accounting.

Count V of Diventi's counterclaim is also moot because the corporation is now in the process of dissolution. Finally, it is the court's recollection that Dove has previously withdrawn Count II of her original complaint. Thus the matters remaining for decision are the status of the corporate accounts, Counts I and VI of Diventi's original counterclaim, and Counts VIII and XI of the amended counterclaim.

The entry shall be:

1.    Defendant Diventi's motion to amend her counterclaim is granted as to her claim of a breach of confidential relationship during the period before commencement of this lawsuit (Count XI).

12

2. With respect to Diventi's derivative claim that Dove defamed the corporation on or after July 22, 2005 (Count VIII), Diventi's motion to amend her counterclaim is granted.

3. The receiver is hereby granted express authority to determine whether or not to prosecute any claims belonging to the corporation. However, the court understands that the receiver is requesting that the court to appoint a panel of one or more independent persons to determine, after reasonable inquiry, whether or not maintaining a derivative proceeding is in the best interests of the corporation.

4. Counsel for plaintiff and for defendant Diventi shall confer and attempt to agree on the independent person to be appointed by the court by September 15, 2006. If they cannot agree, they shall so advise the court and the court will appoint an independent person of its own.

5. Except as set forth above, defendant Diventi's motion to amend her counterclaim is denied.

6. The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

DATED: August _28_, 2006.

_Thomas D. Warren_
Thomas D. Warren
Justice, Superior Court

13

Cumberland County
P.O. Box 287
Portland, Maine 04112-0287

*96.*
*Dvowth*

JONATHAN HULL ESQ
PO BOX 880
DAMARISCOTTA ME   04543-0880

**CLERK OF COURTS**
Cumberland County
P.O. Box 287
'ortland, Maine 04112-0287

*2176 Dove*

RICHARD OLSON ESQ
PO BOX 449
PORTLAND ME   04112-0449

**RK OF COURTS**
imberland County