STATE OF MAINE
CUMBERLAND, ss.

STATE OF MAINE
CUMBERLAND, SS
CLERK'S OFFICE

2007 OCT -2 A 10: 43

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-07-83
TDW-CUM-10/2/2007

LEO A. FAFARD,

       Plaintiff,

v.                                  ORDER

STEVEN HOBART,

       Defendant.

Before the court is defendant Steven Hobart's motion for summary judgment.

Summary judgment should be granted if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. In considering a motion for summary judgment, the court is required to consider only the portions of the record referred to and the material facts set forth in the parties' Rule 56(h) statements. E.g., Johnson v. McNeil, 2002 ME 99, ¶ 8, 800 A.2d 702, 704. The facts must be considered in the light most favorable to the non-moving party. Id. Thus, for purposes of summary judgment, any factual disputes must be resolved against the movant. Nevertheless, when the facts offered by a party in opposition to summary judgment would not, if offered at trial, be sufficient to withstand a motion for judgment as a matter of law, summary judgment should be granted. Rodrigue v. Rodrigue, 1997 ME 99 ¶ 8, 694 A.2d 924, 926.

In this case, although plaintiff Leo Fafard has denied or qualified certain of the statements in defendant Steven Hobart's statement of material facts, he has not accompanied those denials or qualifications with citations to the record as required by M.R.Civ.P. 56(h)(2). Accordingly, for purposes of the motion, Hobart's statement of material facts is taken as admitted. In particular, Hobart has denied that he told

Fafard's supervisor that Fafard was a racist, although Hobart did express concern about allegedly inappropriate statements made by Fafard in the valet parking area. Hobart SMF ¶ 11. Since the sole basis for Fafard's defamation claim is that Hobart told his supervisor that Fafard was a racist (Hobart SMF ¶ 15; Plaintiff's Response to ¶ 1 of Defendant's Interrogatories), Hobart is entitled to summary judgment.

It can perhaps be argued that even if Hobart did not call Fafard a racist, he may have said something defamatory to Fafard's supervisor. However, Fafard has not made that argument. Moreover, a defendant in a defamation case is entitled to know exactly what defamatory statements he made that are alleged to have been false. *See Picard v. Brennan*, 307 A.2d 833, 835 (Me. 1973).

Finally, it bears emphasis that even if the court overlooks Fafard's failure to provide record citations for the denials and qualifications in his statement of material facts and considers Fafard's affidavit, that affidavit does not offer any admissible evidence to controvert Hobart's denial that Hobart called Fafard a racist. Fafard's affidavit recounts what he says he was told by his supervisor, but Fafard was not present at the conversation between Hobart and the supervisor, and the supervisor's statement as recounted by Fafard is hearsay. Since Fafard is obligated to demonstrate the existence of a disputed issue for trial by setting forth facts that would be admissible in evidence, *see* M.R.Civ.P. 56(e), his affidavit, even if considered, would not prevent summary judgment.

The entry shall be:

Defendant's motion for summary judgment dismissing the complaint is granted. The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

2

DATED: October _2_, 2007

Thomas D. Warren
Justice, Superior Court

RANDY ROBINSON ESQ
PO BOX 8013
PORTLAND ME 04104

*Plaintiff*

BRADFORD PATTERSHALL ESQ
PO BOX 17555
PORTLAND ME 04112

*Defendan.*